MOORE, Appellant, et al.,

v.

JOCK, Appellee.

[Cite as *Moore v. Jock* (1993), 90 Ohio App.3d 413.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–629.

Decided Sept. 23, 1993.

*De Libera, Lyons & Bibbo, John S. De Libera* and *Jeffrey R. Bibbo*, for appellant.

*Freund, Freeze & Arnold* and *Stephen C. Findley*, for appellee Daniel A. Jock.

PEGGY BRYANT, Presiding Judge.

■ Plaintiff-appellant, Mark Moore, appeals from a judgment of the Franklin County Court of Common Pleas denying his request for postjudgment interest pursuant to R.C. 1343.03 on his judgment against defendant-appellee, Daniel A. Jock. Plaintiff's single assignment of error states:

"The court erred in denying plaintiffs/appellants postjudgment interest during the pendency of appeal because plaintiffs/appellants are entitled to such interest under Ohio Revised Code Section 1343.03(A). Absent specific statutory provisions, waiver or bad faith, judgment creditors have the right to appeal inadequate awards without tolling the postjudgment interest because judgment debtors can avoid interest payments by tendering full payment immediately after entry of decision."

In August 1988, plaintiff filed suit in the trial court alleging that, on September 25, 1987, defendant negligently and recklessly operated his motor vehicle, colliding with the motor vehicle operated by plaintiff and thereby proximately causing injury to plaintiff. Plaintiff's wife joined in the complaint, alleging that defendant proximately caused her a loss of plaintiff's services.

On November 16, 1990, the jury rendered a verdict in favor of plaintiff in the amount of $2,505; the jury awarded plaintiff's wife nothing. Following posttrial motions, plaintiff and his wife appealed the judgment of the trial court as inadequate; defendant did not appeal. In an opinion rendered on September 5, 1991, this court affirmed the jury's verdict in favor of plaintiff, but reversed the jury's failure to award damages to plaintiff's wife. *Moore v. Jock* (Sept. 15, 1991), Franklin App. No. 91AP–102, unreported, 1991 WL 355138. Plaintiff appealed to the Supreme Court; defendant filed a cross-appeal; the Supreme Court refused

to direct this court to certify its record (1992), 63 Ohio St.3d 1411, 585 N.E.2d 835.

On remand to the trial court, plaintiff filed a motion for postjudgment interest in the amount of $282.50, calculating the interest from the date the trial court originally entered judgment in plaintiff's favor, January 25, 1991. The trial court denied plaintiff's motion, finding that the delay in payment was attributable to plaintiff's appeal. Plaintiff appeals from that judgment, contending that the trial court erred in refusing to grant postjudgment interest pursuant to R.C. 1343.-03(A).

R.C. 1343.03(A) provides:

" * * * [W]hen money becomes due and payable upon any bond, bill, [or] note * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

In *Warren/Sherer Div. v. Store Equip. Co.* (Sept. 27, 1984), Franklin App. No. 84AP–41, unreported, 1984 WL 5918, this court addressed the interpretation of R.C. 1343.03 under circumstances similar to those herein. Specifically, in *Warren/Sherer*, defendant was awarded a net judgment of $36,149.01 following a jury trial on both a claim and counterclaim. Judgment was entered accordingly, and defendant appealed to this court, asserting that the trial court had erred in not submitting the issue of punitive damages to the jury. The judgment debtor, plaintiff Warren/Sherer Division, cross-appealed, asserting four assignments of error with respect to the judgment in compensatory damages. On appeal, this court overruled all assignments of error and affirmed the judgment of the trial court.

Thereafter, the plaintiff therein sought a determination from the trial court that no postjudgment interest be awarded on the judgment pending appeal. The trial court agreed, and the defendant appealed. In discussing the propriety of interest under R.C. 1343.03, this court noted:

"Plaintiff relies upon cases, stating that a creditor cannot enhance its judgment by gaining additional interest on it by filing an appeal therefrom. However, a debtor may stop the running of interest by a tendering unconditional payment in full of a judgment rendered against him. In that event, if the judgment is appealed and affirmed, no interest would accrue during the time of appeal. See Interest Pending Appeal, 15 ALR 3d 411, 418–19, for the *view that we adopt in interpretation of R.C. 1343.039(A) [sic] and the common law that 'a judgment*

*creditor appealing on the ground of inadequacy from a judgment in his favor is entitled to interest, under a general interest statute providing for interest on judgments from time of entry to time of payment, for the period during which his appeal was pending, notwithstanding the judgment was affirmed,* at least in the absence of waiver or conduct estopping him from claiming interest, such as bad faith or want of diligence in prosecution of the appeal, and in the absence of a tender by the judgment debtor.' The reason for adopting this rule is that the debtor has the option of either tendering unconditional payment to stop the running of interest or having the use of the money during appeal, which generally should at least be of equal value to the legal rate of interest." (Emphasis added.) *Id.* at 4.

Application of the forgoing explanation of R.C. 1343.03(A) would entitle plaintiff to some postjudgment interest on the judgment awarded him in the trial court, as the record contains no evidence of plaintiff's waiver or conduct estopping him from claiming interest, nor does it reflect an immediate tender of payment from defendant.

Defendant, however, contends that postjudgment interest herein would be inequitable, as any delay in payment was occasioned by plaintiff's appeal of the trial court judgment, not by defendant's dilatory tactics. In support of his contentions, defendant relies on an unreported decision from the Erie County Court of Appeals, *Fowler v. Wilford* (May 8, 1987), Erie App. No. E–86–50, unreported, 1987 WL 11106, wherein the court of appeals tolled the award of postjudgment interest pending an appeal initiated by the judgment-creditor. However, subsequently the same court in *Viock v. Stowe–Woodward Co.* (1989), 59 Ohio App.3d 3, 569 N.E.2d 1070, relied on the language of *Warren/Sherer* in granting postjudgment interest where both parties appealed. In an attempt to reconcile those cases as well as *Warren/Sherer,* defendant asserts that the key to determining whether an award of postjudgment interest is appropriate lies in which party appeals and, if both do, which appeals first.

The rationale of *Warren/Sherer,* however, does not lie in such distinctions. Rather, this court therein adopted the policy that a judgment-creditor who appeals is entitled to interest in the absence of waiver or conduct estopping him from claiming interest and in the absence of a tender by the judgment-debtor. Thus, as defendant concedes, regardless of which party appeals first, no inequity accrues to the judgment-debtor who has the ability to toll postjudgment interest by the tender of unconditional payment.

Given the foregoing, including this court's interpretation of R.C. 1343.03(A) adopted in *Warren/Sherer,* the trial court erred in refusing to grant plaintiff postjudgment interest from the date the trial court entered judgment in plaintiff's favor, January 25, 1991.

Defendant asserted in oral argument that he had tendered payment to plaintiff, thereby eliminating any award of postjudgment interest. However, the record reflects only that on June 10, 1992, following plaintiff's motion for postjudgment interest, defendant paid the original judgment, but not any accruing interest.

■ Defendant's payment of the original judgment as of June 10, 1992 is pertinent to the calculation of postjudgment interest required under our decision herein; it does not however totally eliminate an award of postjudgment interest. See *Shaffer v. Cornwell* (Dec. 18, 1990), Franklin App. No. 90AP–772, unreported, at 7-10, 1990 WL 212564. To the extent defendant asserts that he tendered full payment before June 10, 1992, and further urges that we grant his oral motion under App.R. 9(E) to supplement the record with such documentation, defendant's failure to submit the matter to the court in writing precludes further consideration of his offer of additional evidence; moreover, App.R. 9(E) does not support defendant's request.

In light of the foregoing, we sustain plaintiff's single assignment of error. The judgment of the trial court is reversed and this case is remanded to the trial court with instructions to enter satisfaction of judgment only after plaintiff has paid or tendered the amount of the judgment with interest added thereto at the legal rate set forth in R.C. 1343.03 from the time that judgment was entered on January 25, 1991, until payment or tender of payment of the judgment.

*Judgment reversed*
*and cause remanded*
*with instructions.*

PETREE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.