BRAUN, Appellee,

v.

PIKUS et al., Appellants.

[Cite as *Braun v. Pikus* (1995), 108 Ohio App.3d 29.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68949.

Decided Dec. 26, 1995.

*Thomas & Boles, Stephen G. Thomas* and *John P. Tremsyn,* for appellee.

*Kuepper, Walker, Hawkins & Chulick* and *Judson J. Hawkins,* for appellants.

O'DONNELL, Judge.

Appellants Joseph T. Pikus and Journeymen Plumbers Union appeal the grant of summary judgment in favor of Kevin Braun declaring they owe Kevin Braun interest on a $5,500.75 judgment he earlier appealed to our court. As the trial court correctly determined the law, we affirm.

This then is the second appeal filed in this case. On March 8, 1993, our court affirmed the $5,500.75 judgment entered pursuant to a jury verdict on the original personal injury claim arising out of a motor vehicle collision, but modified the amount to include additional costs of $676.06. Thereafter, on October 5, 1993, appellants tendered payment of the $5,500.75 judgment together with a release, but appellee returned same because that sum did not include interest or the

$676.06 costs awarded by this court. Appellants then sent a check for the full amount of the costs, but the parties continued to dispute whether interest accrued on the judgment during the pendency of the appeal. In the October 25, 1993 letter of transmittal sent with the tender of costs, appellants' claims representative stated in part:

"In regards to the interest from April 11, 1991, it is our opinion that we do not owe that amount. You appealed the decision and therefore are not entitled to interest during the appeal process.

"We would be willing to deposit the judgement amount of $5500.75 in escrow or with the court, or any other method that would be agreeable to both sides, until this matter is resolved. Please advise how you wish the money to be handled."

Appellee then filed a complaint for declaratory judgment upon which the trial court granted summary judgment awarding the interest, and this appeal followed. Appellants have presented three propositions of law for our consideration.

## I

"Revised Code Section 1343.03(A) does not require the accumulation of post-judgment interest when the delay in payment is caused solely by the judgment creditor's conduct."

Appellants have clearly presented this claim and urge this court to adopt the reasoning in *Fowler v. Wilford* (May 8, 1987), Erie App. No. E–86–50, unreported, 1987 WL 11106, where the court determined that a judgment creditor who appeals and thereby causes delay in payment is not entitled to post-judgment interest.

Appellee urges that this court follow *Moore v. Jock* (1993), 90 Ohio App.3d 413, 416, 629 N.E.2d 508, 510–511, where the court stated that the prevailing party was entitled to an award of post-judgment interest during the pending of appeal absent waiver, or estoppel by the creditor, or tender by the debtor.

We begin our analysis by examining R.C. 1343.03, which provides for interest on judgments:

"(A) In cases * * * when money becomes due and payable * * * upon all judgments * * *, the creditor is entitled to interest * * *.

"(B) [I]nterest on a judgment * * * shall be computed from the date the judgment * * * is rendered to the date on which the money is paid."

While appellants urge that pending appeal, the money was not yet "due and payable" as described in subsection (A), appellee urges that the statute directs the period of computation in subsection (B).

In *Fowler v. Wilford, supra,* the court stated at *3:

"The general rule that a plaintiff is entitled to interest on a judgment is based upon the view that once the judgment is entered in plaintiff's favor, the defendant's obligation is then due and owing. Any delay of payment by the defendant entitles the plaintiff to interest on the money he has a right to possess. Where the delay is caused by the plaintiff, due to his dissatisfaction with a judgment, this court is of the opinion that such a delay should not be awarded interest."

In *Moore v. Jock, supra,* the court, relying upon *Warren/Sherer Div. v. Store Equip. Co.* (Sept. 27, 1984), Franklin App. No. 84AP–41, unreported, 1984 WL 5918, determined entitlement to post-judgment interest pending appeal based upon the reasoning in that case:

"[A] debtor may stop the running of interest by * * * tendering unconditional payment in full of a judgment rendered against him * * *." 90 Ohio App.3d at 415, 629 N.E.2d at 510.

In 73 Ohio Jurisprudence 3d (1987), Payment and Tender, Section 1, the common-law definition of "tender" is "an unconditional offer of payment consisting of the actual production * * * of a sum not less than the amount due on a specific debt or obligation." And, at Section 5, "The general rule is that a tender, to be effectual, must be unconditional * * *."

■ In this case, the facts demonstrate that on two occasions, appellants attempted a tender, but, on both occasions, the tender failed: on October 5, 1993, because a release accompanied the check and because the sum did not include the costs, and on October 25, 1993, because the tender did not consist of the actual production of the sum then due. Thus, we conclude appellants have not made a tender in this case.

■ While we agree with the position appellants advance that a judgment creditor could conceivably increase the size of an award by undertaking appeal for purposes of generating interest on the judgment, nonetheless, the law is that a judgment debtor owes interest from the date the judgment is rendered until paid, unless that judgment debtor makes an unconditional tender to pay the amount in full consisting of actual production of the sum then due. In this case, appellants failed to make a proper tender and consequently did not foreclose the running of interest on the underlying judgment. The controlling factor in determining this issue is not which party appealed or which first appealed. Rather, the issue turns on which party has the use of the money during the pendency of the appeal—either the judgment debtor can tender payment in full to toll the running of interest or retain use of the money and presumably invest it for the duration of the appeal. See *Warren/Sherer Div. v. Store Equip. Co., supra.* Our conclusion is therefore in accord with *Moore v. Jock, supra.*

Accordingly, absent an unconditional offer of payment consisting of the actual production of the sum then due, R.C. 1343.03 requires the accumulation of interest on a judgment regardless of which party undertakes appeal.

For the second and third propositions of law, appellants urge as follows:

## II

"A judgment creditor who refuses tender of payment of a judgment is estopped from claiming post-judgment interest."

## III

"Post-judgment interest pursuant to R.C. 1343.03(A) mandates post-judgment interest from the date of the judgment until the date of tender of the award only. Post-judgment interest does not accrue to the judgment creditor after his refusal of the tender of the judgment award."

Because we have concluded that appellants never made a proper tender in this case, we conclude these issues are moot and, pursuant to App.R. 12, we are not required to decide or rule upon them.

Based upon the reasons presented, we affirm the judgment of the trial court.

*Judgment accordingly.*

PATTON, C.J., and DYKE, J., concur.