OPINION
Plaintiffs-appellants, Wendolyn Krauss and her husband, Jack Krauss,[1] appeal an order of the Butler County Court of Common Pleas denying their motion for post-judgment interest on their judgment against defendant-appellee, Kevin Kilgore.
Appellant and appellee were involved in an automobile accident in 1993. In 1995, appellants filed a complaint against appellee seeking damages for appellant's medical expenses, lost wages, pain and suffering, loss of enjoyment of life, and for Jack Krauss' loss of consortium. On November 26, 1996, a jury rendered a verdict of $10,500 in favor of appellant and a verdict of $0 in favor of Jack Krauss. A judgment entry for $10,500 plus costs was filed on December 18, 1996. On December 23, 1996, appellee's attorney sent appellants' attorney a check for $10,500 along with an entry of satisfaction of judgment. Appellee's attorney instructed appellants' attorney to execute the entry of satisfaction and return it for filing. The entry of satisfaction provided that the case would be dismissed with prejudice upon filing of the entry.
Thereafter, appellants filed two post-trial motions which were denied by the trial court. On March 20, 1997, appellants informed appellee that they would appeal the trial court's judgment to this court. Four days later, appellee's attorney asked appellants' attorney to return the $10,500 check, which he did. By judgment entry filed July 27, 1998, this court affirmed the trial court's judgment. See Krauss v. Kilgore (July 27, 1998), Butler App. No. CA97-05-099, unreported. Thereafter, appellants advised appellee that they would not appeal this court's decision to the Ohio Supreme Court and asked that appellee pay the judgment plus costs, plus post-judgment interest. When appellee refused to pay post-judgment interest, appellants filed a motion for post-judgment interest in the trial court which was overruled on January 14, 1999 without an opinion.[2] This timely appeal follows.
In their sole assignment of error, appellants argue that the trial court erred in denying their motion for post-judgment interest. Appellants contend that while appellee tendered a check soon after the trial court's judgment, such tender did not toll the running of the post-judgment interest because it was not unconditional, but rather conditioned upon appellants not appealing the trial court's judgment.
A decision regarding an award of interest is generally within the discretion of the trial court. Cincinnati Ins. Co. v. FirstNatl. Bank (1980), 63 Ohio St.2d 220, 226. A reviewing court will not reverse a lower court's decision unless the court has abused its discretion. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1980), 5 Ohio St.3d 217.
R.C. 1343.03(A) provides in relevant part that "when money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct * * *, the creditor is entitled to interest at the rate of ten per cent per annum * * *." R.C. 1343.03(B) in turn provides that "interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct shall be computed from the date the judgment * * * is rendered to the date on which the money is paid."
R.C. 1343.03(A) thus "bestows automatically a right to the statutorily stated interest as a matter of law." Testa v. Roberts
(1988), 44 Ohio App.3d 161, 168. "[T]he judgment debtor has the burden of stopping the accumulation of post-judgment interest by tendering full and unconditional payment of the judgment to the judgment creditor." Viock v. Stowe-Woodward Co. (1989), 59 Ohio App.3d 3, paragraph two of the syllabus. Thus, the law in Ohio stops the accrual of post-judgment interest only when the judgment debtor unconditionally tenders the money due and owing. "In that event, if the judgment is appealed and affirmed, no interest would accrue during the time of the appeal." Moore v. Jock (1993),90 Ohio App.3d 413, 415. If, on the other hand, the judgment is appealed and modified, "post-judgment interest is calculated on the modified judgment amount from the date of the original judgment." Viock at 3, paragraph three of the syllabus.
In the case at bar, appellee sent appellants a check for $10,500 (which did not include costs) along with an entry of satisfaction of judgment to be signed and returned to appellee for filing. The entry of satisfaction unequivocally provided that the case would be dismissed with prejudice upon filing of the entry. It is well-established that a satisfaction of judgment puts an end to the controversy, takes away the right to appeal or prosecute error, and thus renders an appeal from that judgment moot.Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245. Three appellate districts have held that when tender by the judgment debtor is accompanied with a request that the judgment creditor forego his right to appeal by signing an entry of satisfaction, the tender is not unconditional, and thus does not toll accumulation of the post-judgment interest.
In Braun v. Pikus (1995), 108 Ohio App.3d 29, the judgment debtors tendered payment of the judgment together with a release. The Eighth Appellate District held that the tender attempted by the judgment debtors failed because "a release accompanied the check and because the sum did not include the costs * * *. Thus, * * * appellants have not made a tender in this case." Id. at 32.
In Swayze v. Scher (2nd Dist. Jan. 18, 1995), No. 14310, 1995 Ohio App. LEXIS 14310, a letter from the judgment debtor's attorney accompanied the tendered check. The Second Appellate District held that the check tendered was not an unconditional tender of the full amount due and owing because "[a]cceptance of [the] check required [the judgment creditor] to agree to the condition that a Satisfaction of Judgment be filed that would require [the judgment creditor] to forego any appeal." Id. at *17. The court concluded that "[g]iven that [the judgment debtor] conditioned the tender of the check * * *, and given that the record contains no other indication that [the judgment debtor] tendered any other amount to pay the judgment in full, post-interest will continue to accrue until the judgment is satisfied." Id. at *18.
Finally, in Shaffer v. Cornwell (10th Dist. Dec. 18, 1990), No. 90AP-772, 1990 Ohio App. LEXIS 5743, a letter from the judgment debtor's attorney accompanied the tendered payment. The letter provided that "[i]f your clients are willing to accept this sum in final resolution of this matter, I would ask that you execute the proposed Entry * * * as well as the enclosed Notice of Satisfaction of Judgment." The Tenth Appellate District held that it was "not persuaded that the draft sent * * * was unconditional. The [judgment creditors] would have had to give up their right to assert their claim for [a higher judgment]." Id. at *8-9. The court then noted that the judgment debtor had argued that the judgment creditors had four options: "(1) negotiating the $92,000 draft and still appealing, (2) endorsing the draft showing that the $92,000 was only partial payment, (3) asking [the judgment debtor] for permission to endorse the draft without prejudicing their rights, and (4) depositing the money with the court." Id.
at *10. The court held that these options were not appropriate as "all four options require the creditor to do something. The burden is on the debtor to make the tender unconditional. This approach both preserves the rights of the parties and allows the debtor to stop the running of the post-judgment interest." Id.
In light of all of the foregoing, we find that the $10,500 check tendered by appellee on December 23, 1996 was not an unconditional tender under R.C. 1343.03 as it was accompanied by an entry of satisfaction to be signed by appellants and returned to appellee for filing. Acceptance of the check would have required appellants to give up their right to appeal the trial court's judgment. To stop the automatic running of post-judgment interest, the judgment debtor must unconditionally tender the money due and owing.
We therefore find that the trial court's denial of appellants' motion for post-judgment interest was unreasonable and thus was an abuse of discretion. Appellants' sole assignment of error is well-taken and sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court to determine post-judgment interest.
Judgment reversed and remanded.
POWELL, P.J., and YOUNG, J., concur.
[1] When referred to together, Mr. And Mrs. Krauss will be referred to as appellants. However, when referred to separately, Mrs. Krauss will be referred to as appellant and Mr. Krauss as Jack Krauss.
[2] On November 4, 1998, appellee sent appellants a check for $10,500. On January 22, 1999, appellee sent appellants a check in the amount of $878.50 for court costs.