DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Henry C. Marsico, appeals from the decision of the Lorain County Court of Common Pleas, granting summary judgment against him. We reverse.
On July 5, 1991, Mr. Marsico was injured in a motor vehicle accident with Raymond R. Rader. Mr. Marsico filed a complaint on June 25, 1993, seeking to recover damages from Mr. Rader. Mr. Marsico was involved in a motor vehicle accident with Michael D. Roesch, appellee, on September 8, 1993. On November 18, 1993, the trial court granted Mr. Marsico's motion to file a first amended complaint, which was filed the same day. Mr. Marsico's first amended complaint added Mr. Roesch as a defendant, seeking compensation from Mr. Roesch for the damages Mr. Marsico had sustained in the September accident. On October 31, 1994, Mr. Marsico's action against Mr. Rader was voluntarily dismissed with prejudice due to a settlement between the parties. A jury trial was held and, in a judgment journalized on March 29, 1996, Mr. Roesch was found liable to Mr. Marsico in the amount of $10,000.
Mr. Marsico, apparently dissatisfied with the amount of the verdict, filed a motion for a new trial on April 2, 1996, which was denied on April 29, 1996. Meanwhile, Mr. Roesch, who was insured by Nationwide Mutual Insurance Company ("Nationwide"), offered, in a letter dated April 1, 1996, to tender the amount of the verdict if Mr. Marsico would "accept that judgment." Mr. Marsico declined to do so and filed his notice of appeal on May 28, 1996. During the pendency of the appeal, discussions continued between Mr. Marsico and Mr. Roesch. Mr. Roesch continued to refuse to tender the verdict amount unless Mr. Marsico agreed not to further appeal the trial court's verdict. On March 19, 1997, this court affirmed the trial court's verdict.Marsico v. Rader (Mar. 19, 1997), Lorain App. No. 96CA006466, unreported.[1]
Mr. Marsico then filed, on May 30, 1997, a supplemental petition against Nationwide, pursuant to R.C. 3929.06. He sought the original $10,000 verdict plus interest, which he asserted had been accruing since the trial court's verdict was entered. On August 19, 1997, Mr. Marsico moved for summary judgment. Nationwide filed a cross-motion for summary judgment on September 19, 1997. On July 21, 1998, the trial court granted Nationwide's motion for summary judgment and denied Mr. Marsico's motion for summary judgment. This appeal followed.
Mr. Marsico asserts two assignments of error. As they implicate the same issues, we will address them together.
First Assignment of Error
THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEE NATIONWIDE MUTUAL INSURANCE CO.'S MOTION FOR SUMMARY JUDGMENT[.]
Second Assignment of Error
THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT[.]
Mr. Marsico argues that the trial court erred in granting Nationwide's motion for summary judgment and in denying his motion for summary judgment. He asserts that interest accrues on a verdict if the plaintiff appeals the judgment as insufficient unless the defendant makes an unconditional tender offer of the verdict amount. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Furthermore, the party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. See Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and details in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over a material fact exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
"At common law, judgments did not bear interest. In fact historically it was not until the reign of Henry VIII that interest was sanctioned in any form by statute." Wisman v.Cleveland Ry. Co. (C.P. 1945), 32 O.O. 525, 526. In Ohio, R.C.1343.03(B) mandates that "interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." Interest accrues at the rate of ten per cent per year. R.C. 1343.03(A). Moreover, after a final judgment is entered against any person due to their insured tortious conduct, the plaintiff may file a supplemental petition against the insurer if the judgment is not satisfied within thirty days. R.C. 3929.06. "Thereafter the action shall proceed as to the insurer as in an original action." Id.
When a court is asked to award post-judgment interest pursuant to R.C. 1343.03,
 "[t]he controlling factor * * * is not which party appealed or which first appealed. Rather, the issue turns on which party has the use of the money during the pendency of the appeal either the judgment debtor can tender payment in full to toll the running of interest or retain use of the money and presumably invest it for the duration of the appeal."
Weber v. Weber (Feb. 11, 1998), Summit App. No. 18355, unreported, at 15, quoting Braun v. Pikus (1995), 108 Ohio App.3d 29, 32. Moreover, "`a debtor may stop the running of interest by a tendering [sic] unconditional payment in full of a judgment rendered against him.'" Moore v. Jock (1993), 90 Ohio App.3d 413,415, quoting Warren/Sherer Div. v. Store Equip. Co. (Sept. 27, 1984), Franklin App. No. 84AP-41, unreported. Tender consists of the actual production of the amount of the debt in full and must be unconditional to be effective. Braun, 108 Ohio App.3d at 32. Where the attempted tender is accompanied by a release, the tender is ineffective. Id. In other words, tender is "[s]omething unconditionally offered to satisfy a debt or obligation." Black's Law Dictionary (7 Ed. 1999) 1480.
Mr. Roesch, through his insurer, did not make an unconditional tender of payment to Mr. Marsico after the trial court entered the $10,000 judgment. In her letter of April 1, 1996, Ms. Damelio, Mr. Roesch's and Nationwide's attorney, offered to tender payment in the form of a check "as soon as" Mr. Marsico indicated that he would "accept [the $10,000] judgment." Although Ms. Damelio's statement has unclear effect, it is apparent that the term "as soon as" made the offer conditioned upon some form of "accept[ance]" by Mr. Marsico. Moreover, Ms. Damelio's letter of April 1, 1996, contained no payment, but merely stated the condition upon which such payment would be forthcoming. Hence, we conclude that it was not an effective tender of payment.[2]
Later, in a letter dated March 31, 1997, Ms. Damelio's tender offer was explicitly conditioned on "a Release and a Satisfaction of Judgment [sic] [.]" Hence, we conclude that "the tender failed * * * because a release accompanied the check[.]" Braun,108 Ohio App. 3d at 32.
Appellee contends that, when a judgment creditor appeals, no interest is accrued during the pendency of the appeal. Appellee's reliance on Fowler v. Wilford (May 8, 1987), Erie App. No. E-86-50, unreported, and Wisman, 32 O.O. 525, is, however, misplaced. The holding of Fowler was put into question by Viockv. Stowe-Woodward Co. (1989), 59 Ohio App.3d 3, which was also decided by the Erie County Court of Appeals and held that interest accrued from the date of the trial court's judgment even though the creditor-plaintiff had appealed first. Id. at 5. Hence, we decline to follow Fowler. Moreover, the court in Wisman did "not attempt to pass upon the question of tolling of interest where the judgment creditor appeals first." Wisman, 32 O.O. at 529. We conclude, therefore, that the trial court erred in granting summary judgment in favor of Mr. Roesch and Nationwide and in denying Mr. Marsico's motion for summary judgment, as there were no material facts in dispute and he is entitled to judgment as a matter of law.[3] Hence, Mr. Marsico is entitled to the original judgment amount plus interest thereon from the time that the judgment was entered by the trial court until the unconditional tender of the judgment amount. Mr. Marsico's assignments of error are sustained.
Mr. Marsico's two assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings not inconsistent with this decision.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT SLABY, P.J.
WHITMORE, J.
CONCUR
[1] Mr. Marsico also filed a motion to reconsider the decision and journal entry of this court, which was denied on May 5, 1997.
[2] We note that neither cash nor its legal equivalent accompanied the letter and do not pass on the legal effect that the inclusion of cash or its legal equivalent would have had upon the resolution of the instant case.
[3] Neither party alleges that the trial court erred in concluding that no material fact was in dispute, nor does the record on appeal reflect such a dispute.