JOURNAL ENTRY AND OPINION
Appellants, James Augustine and Jean Augustine, appeal the trial court's denial of prejudgment interest in Case Number 76742. Appellants appeal the trial court's award of postjudgment interest through July 2, 1999 in Case Number 76993. For the following reasons we affirm.
Plaintiffs-appellants sued defendants-appellees, North Coast Limos, Inc. and Arthur Young, for damages arising out of an automobile accident. Appellants had medical bills of $13,300.00. Appellees' last offer before trial was $90,000.00.
Appellees' motion in opposition to prejudgment interest states as follows: The trial court directed liability against appellees. The parties attempted to negotiate a settlement amount. The trial court suggested appellees offer a total of $135,000 to the Augustines and the Schonfields (plaintiffs in another case arising out of the same accident). Appellees made this offer, but appellants rejected it. Before closing arguments, appellants requested $125,000 and appellees offered $110,000.
On April 28, 1999, the jury rendered a verdict of $220,000 in favor of plaintiffs-appellants.
Appellants moved for prejudgment interest, claiming that appellees did not make a good faith effort to settle. Appellants argued that appellees' offer of $90,000 was not a rational evaluation of potential risks and liability, given the jury verdict. On June 28, 1999, the trial court awarded appellants videotape costs of $585.00 and denied the prejudgment interest.
On July 2, 1999, appellees sent a check for $220,000.00 to appellants. The execution of a satisfaction of judgment was not a condition for acceptance of this payment.
On August 3, 1999, appellants filed a motion for postjudgment interest. The court awarded postjudgment interest from April 28, 1999 to July 2, 1999. Appellant also filed a motion for additional videotape costs of $175.00, which was granted. On August 26, 1999, appellees sent appellants a check for $4,073.71. On October 6, 1999, appellees sent a corrected check for $3,857.53 for the postjudgment interest and video costs.
 I.
Appellant's assignment of error in case number 76742 states:
 WHETHER THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO HOLD A HEARING ON PLAINTIFFS-APPELLANTS' MOTION FOR PRE-JUDGMENT INTEREST.
The general rule is that the court must conduct an oral hearing on the motion for prejudgment interest. See Lovewell v. Physicians Ins. Co. of Ohio (1997), 79 Ohio St.3d 143, 147; Kluss v. Alcan Aluminum Corp. (1995), 106 Ohio App.3d 528, 541; Andrews v. Riser Foods, Inc. (Oct. 16, 1997), Cuyahoga App. No. 71658, unreported. If the motion for prejudgment interest is obviously not well taken, the court can deny the motion for prejudgment interest without conducting a hearing. Fazio v. Meridian Ins. Co. (Apr. 9, 1998), Cuyahoga App. No. 73320, unreported. The trial court has the discretion to decline to convene a hearing if it appears no award is likely. Werner v. McAbier (Jan. 13, 2000), Cuyahoga App. No. 75197, 75233, unreported. The record must demonstrate that the motion is obviously not well taken, or this court must remand for a hearing. Physicians Diagnostic Imaging v. Grange Ins. Co. (Sep. 24, 1998), Cuyahoga App. No. 73088, unreported.
If the record does not demonstrate that the defendant made any offer, we must remand for a hearing. Physicians, supra. In order to be entitled to a hearing, the plaintiff must demonstrate his aggressive prejudgment settlement efforts and his adversary's lack of aggressive prejudgment settlement efforts. Werner, supra. If the record reflects the defendant made an offer, but does not show whether the plaintiff made a settlement demand or any counteroffer, plaintiff is not entitled to a hearing. Id.
In this case, it is uncontested that appellees made an offer of $90,000. There is no evidence that appellants made a counter-demand, or evidence as to any other settlement proceedings. The allegations in appellees' brief in opposition are not evidence. If we consider these allegations, it is established that the offers made by appellees were a rational evaluation of the risks and liabilities, and the trial judge was aware of the settlement offers. In any case, it is obvious from the record that appellants were not entitled to prejudgment interest. The trial court did not err in denying appellants' motion for prejudgment interest without a hearing.
Accordingly, this assignment of error is overruled.
 II.
Appellant's assignment of error in case number 76742 states:
 WHETHER THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT TERMINATED THE ACCUMULATION OF POST-JUDGMENT INTEREST EVEN THOUGH THE JUDGMENT DEBTOR DID NOT MAKE PROPER TENDER OF VERDICT AND POST-JUDGMENT INTEREST.
Tender of unconditional payment in full of the amount then due will stop the accrual of post-judgment interest. See Braun v. Pikus, (1995), 108 Ohio App.3d 29. In Braun, the defendant paid the amount of the verdict only, acceptance conditional on executing a satisfaction of judgment. The plaintiff refused to accept the payment. This court held that the payment was not unconditional, and did not stop the accrual of postjudgment interest.
In this case, appellees did not condition acceptance of the $220,000 payment upon execution of a satisfaction of judgment. However, appellants assert that appellees did not tender the full amount due on July 2, 1999, because appellees did not pay any post-judgment interest. According to appellees, interest continues to run on the $220,000 after July 2, 1999.
Appellees did not tender the full amount due as of July 2, 1999. Post-judgment interest was due as of July 2, 1999. Post-judgment interest is required to be paid even if the party entitled thereto fails to request it or the trial court's entry awarding judgment fails to order a losing party to pay it. Wilson v. Smith (1993), 85 Ohio App.3d 78, 80.
The judgment creditor can accept partial payments without jeopardizing their right to interest, unless accepting payments is conditioned upon executing a satisfaction of judgment. See Prepakt Concrete Co. v. Koski Constr. Co. (1989), 60 Ohio App.3d 28. In this case, unlike Braun, supra, appellants could have accepted the $220,000 without jeopardizing their right to post-judgment interest.
If the defendant pays the amount of the original judgment, this is pertinent to the calculation of postjudgment interest. See Moore v. Jock (1993), 90 Ohio App.3d 413, 417; Shaffer v. Cornwell (Dec. 18, 1990), Franklin App. No. 90AP-772, unreported. If the debtor makes a partial payment, they no longer have use of this money, and interest should no longer be charged on the full amount of the judgment. See generally Lovewell v. Physicians Ins. Co. of Ohio (1997), 79 Ohio St.3d 143.
Where partial payments on a judgment are made, they apply, (1) in payment of the interest due on the interest; (2) then in payment of interest due on the principal; and (3) finally, in payment of the principal. Viock v. Stowe-Woodward Co. (1989), 59 Ohio App.3d 3. Technically, some amount of the principal would still be due after the payment of $220,000, because part of this payment applied to interest. If the trial court's journal entry stating that interest is due from April 28, 1999 to July 2, 1999 was incorrect, it was not prejudicial to appellants. As of July 2, 1999, postjudgment interest was no longer due on the amount of $220,000, although part of this amount was principal and part was interest. Interest was still due on the amount of unpaid interest, which amount, according to the Viock case would technically be considered principal.
Appellees made a proper tender of $220,000 and did not owe interest on that amount after July 2. In effect, appellants' unjustified refusal of the partial payment resulted in a waiver of the interest on this payment. See Moore, supra at 416.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
ROCCO, J., AND PORTER, J., CONCUR.
ANN DYKE, ADMINISTRATIVE JUDGE