JOURNAL ENTRY AND OPINION
Appellant, William L. Blake, appeals from the judgment of the Cuyahoga County Court of Common Pleas, which ruled in favor of appellee, Nationwide Insurance Company (Nationwide).
In April 1995, Blake was involved in an automobile accident with George Fligiel. On June 30, 1995, Blake filed a lawsuit against Fligiel based on injuries he allegedly sustained in the accident. Fligiel died on March 26, 1997, and his estate was substituted as defendant in the lawsuit. In September 1997, the case proceeded to trial, and the jury returned a verdict in favor of Blake in the amount of $5,000. Blake filed an appeal from the judgment, and we affirmed in Blake v. Fligiel (Dec. 3, 1998), Cuyahoga App. No. 73329, unreported.
On November 3, 1999, Blake filed a supplemental complaint pursuant to R.C. 3929.06 adding Nationwide as a new party defendant. In his complaint, Blake alleged that Nationwide had failed to pay the judgment rendered against its insured, Fligiel, and that Nationwide's failure to pay the judgment entitled him to post-judgment interest of ten percent per annum from September 10, 1997. On November 30, 1999, Nationwide filed an answer and moved to dismiss Fligiel's estate from the lawsuit. In its motion to dismiss, Nationwide argued that the estate was not a necessary party because the allegations set forth in the supplemental complaint solely involved whether Nationwide had satisfied the September 10, 1997 judgment. Blake replied to Nationwide's motion and moved to strike Nationwide's answer.
On July 17, 2000, a pre-trial conference was held, and the parties agreed to have the court decide the matter based upon their briefs. On February 6, 2001, the trial court issued its ruling which included the following findings of fact:
 3. Defendant Fligiel's insurer, Nationwide Insurance Company, tendered a check dated September 12, 1997 in the amount of $5,000.00 to Plaintiff and Plaintiff's attorney at the time, Brian McNamee.
4. The September 12th check was never negotiated.
 5. On October 9, 1997 the Court denied Plaintiff's motion for costs except it granted Plaintiff $250.00 reimbursement for filing and bond fees.
 9. New-party Defendant Nationwide contacted Plaintiff through correspondence dated November 16, 1999, which enclosed a new check in Plaintiff and Plaintiff's attorney's name in the amount of $5,000.00 with a stop payment order on the September 12, 1997 check.
Based upon its findings of fact and conclusions of law, the trial court ruled as follows:
 1. Plaintiff's Motion to Strike filed December 1, 1999 is denied.
 2. Pursuant to Ohio Rev. Code S 3929.06(A)(2) Defendants' Motion to Dismiss Defendant Fligiel filed November 30, 1999 is granted.
 3. For the New-party Defendant Nationwide and against Plaintiff on Plaintiff's Supplemental Complaint.
 4. Plaintiff's request for post-judgment interest from September 10, 1997 is hereby denied.
 5. For Plaintiff and against New-party Defendant Nationwide in the amount of $250.00 for reimbursement of the filing and bond fees.
 6. Full and unconditional payment having been tendered by New-party Defendant Nationwide on September 12, 1997, the judgment in the above captioned case is hereby deemed fully satisfied and released.
From the judgment of the trial court, Blake assigns the following errors:
 I. THE COURT ERRED IN HOLDING THAT A CHECK MADE PAYABLE IN WHOLE OR IN PART TO PLAINTIFF'S COUNSEL WHO CONDUCTED PLAINTIFF'S TRIAL CONSTITUTES FULL AND UNCONDITIONAL PAYMENT OF THE JUDGMENT TO PLAINTIFF WHEN PLAINTIFF IS IN FACT THE SOLE JUDGMENT CREDITOR AND COUNSEL NO LONGER REPRESENTED HIM.
 II. THE COURT ERRED IN FAILING TO AWARD PLAINTIFF INTEREST ON THE JUDGMENT WHICH WAS RENDERED IN HIS FAVOR AS JUDGMENT CREDITOR ON SEPTEMBER 12, 1997.
 III. THE COURT ERRED IN FAILING TO ORDER DEFENDANT TO PAY FOR THE SERVICES OF JAMES E. CANARIS, ADMINISTRATOR OF THE ESTATE OF GEORGE Z. FLIGIEL, DECEASED.
 IV. THE COURT ERRED IN FAILING TO GRANT PLAINTIFF APPELLANT'S MOTION TO STRIKE.
 V. THE COURT ERRED IN ITS HOLDING THAT THE NAME OF DEFENDANT GEORGE Z. FLIGIEL SHOULD BE DELETED FROM THIS SUPPLEMENTAL COMPLAINT FILED WITH THE TRIAL COURT; THE COURT HELD THAT THE ADDITION OF THE INSURANCE COMPANY AS A DEFENDANT PURSUANT TO R.C. SECTION 3929.06 CONSTITUTED A SUBSTITUTION OF DEFENDANTS.
Because Blake's first and second assignments of error are interrelated, they will be addressed together. In his first assignment of error, Blake contends that Nationwide has not made a full and unconditional tender of payment because the check was made payable to both Blake and his attorney, Brian McNamee, and did not include court costs. Blake asserts that because McNamee's representation ended when the jury returned its verdict, Nationwide should have issued the check solely to him. In Blake's second assignment of error, he contends that he is entitled to post-judgment interest from September 12, 1997 because Nationwide has failed to make a full and unconditional tender of payment of the judgment.
R.C. 1343.03 provides for interests on judgments:
 (A) In cases * * *, when money becomes due and payable * * * upon all judgments * * *, the creditor is entitled to interest * * *.
 (B) * * * [I]nterest on a judgment * * * shall be computed from the date the judgment * * * is rendered to the date on which the money is paid.
The accumulation of post-judgment interest is not tolled until the judgment debtor tenders a full and unconditional payment of the judgment to the judgment creditor. Viock v. Stowe-Woodard Co. (1989),59 Ohio App.3d 3, 5, 569 N.E.2d 1070. In Braun v. Pikus (1995),108 Ohio App.3d 29, 669 N.E.2d 880, this court held that a judgment debtor did not toll the accumulation of post-judgment interest because a release accompanied the check and because the sum did not include costs * * *. Thus, we conclude appellants have not made a tender in this case." Id. at 32.
We do not agree with Blake's contention that the tender was made unconditional because the check was made payable to Blake and his counsel at trial. An attorney has the authority to receive a negotiable instrument on behalf of his client. See Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 517 N.E.2d 904. We cannot conclude that Nationwide's issuance of the check to both Blake and his trial counsel is a condition attached to the payment of the judgment; however, we do agree with Blake's contention that Nationwide did not toll the accumulation of post-judgment interest because the check was for a sum that did not include court-ordered costs. The judgment plus costs was for $5,250, and the check issued by Nationwide was only for $5,000; the check for $5,000 cannot be considered payment in full. See Braun, supra. Because Nationwide did not pay the judgment in full, Blake is entitled to post-judgment interest from September 12, 1997 until Nationwide issued a check for $5,250. Blake's first assignment of error has no merit; however, his second assignment of error has merit.
In his third assignment of error, Blake alleges that the trial court erred by failing to order Nationwide to pay for the services of James E. Canaris, administrator of the estate of George Z. Fligiel. We do not need to address this assignment of error because it is barred by the doctrine of res judicata. On October 9, 1997, the trial court denied appellant's motion for costs except it awarded $250 for filing and bond fees. Because Blake's allegation that the trial court erred by failing to order Nationwide to pay for the services of the administrator could have been raised in his previous appeal, he is precluded from raising it in this appeal.
The disposition of Blake's first and second assignments of error renders his fourth and fifth assignments of error moot.
Judgment affirmed in part, reversed and remanded in part.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that appellee and appellant share equally in the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND ANN DYKE, J, CONCUR.