OPINION
{¶ 1} Plaintiffs-appellants Eugene F. Wright and Julie L. Wright appeal the decision of the Mahoning County Court of Common Pleas ordering appellants to convey land to defendants-appellees J. Paul Basinger and Sandra K. Basinger and ordering appellees to tender payment to appellants.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February, 1993, appellants and appellees executed a Land Installment Contract whereby appellees agreed to purchase a parcel of real property located at 10260 Market Street, Lima, Ohio, from appellees. Appellants' attorney drafted the contract. Appellees ageed to pay the $275,000 purchase price at 10.75 percent interest in 72 monthly installments of $2,567.07. At the end of the 72 months, a final "balloon" payment of $264,592 would be due on January 15, 1999. In addition to these payments, the contract also contained the following paragraph:
 {¶ 3} "If any installment payment made to the Vendee under the terms of this contract is not paid by the Vendor when due or within thirty (30) days thereafter, the Vendor may initiate forfeiture of the interest of the Vendee in default, as provided by law (in print). A five (5) percent penalty shall be due for any payment more than ten (10) days delinquent (in type)."
 {¶ 4} Appellees made timely monthly payments on the contract through December 15, 1998. In January of 1999, appellees were awaiting approval of a loan from Second National Bank of Warren and advised appellants accordingly. Appellees were uncertain whether they would obtain financing by January 15. As a result, appellants extended the due date for the balloon payment. Additionally, appellees tendered another monthly installment check for $2,567.07, which was received and cashed by appellants. Late in January, appellees were denied financing from Second National Bank. Appellees next applied to Bank One for a loan. While awaiting word on the second loan attempt, appellees wrote February and March installment checks for $2,567.07 each. Appellants accepted both checks, but did not cash either one. On March 8, 1999, appellants advised appellees they would be imposing the five percent penalty on the balloon payment, or approximately $13,209. Appellees countered the penalty was not applicable to the balloon payment. Additionally, appellees maintained they informed appellants they had obtained financing with Bank One. However, appellees did not make the balloon payment.
 {¶ 5} On March 23, 1999, appellants' counsel sent appellees a letter declaring the contract in default and threatening foreclosure if all of the calculated balance, which included the disputed penalty, was not paid within ten days. Additionally, the uncashed checks for the February and March payments were returned to appellees with a note which read: "We did not cash these two checks." Appellees contacted Bank One and set a closing date of April 2, 1999. Appellees maintain they informed appellants of the proposed closing date, and also that they intended to pay all monies owed, including the disputed penalty amount, with a reservation of their rights to later litigate the propriety of the penalty. Appellants did not attend the scheduled closing; therefore, the closing did not occur on April 2, 1999.
 {¶ 6} At the end of April, appellees' counsel sent a letter to appellants' counsel informing them appellees were willing to tender all amounts owed, including the disputed penalty, but reserving their rights to later litigate the penalty. Appellants refused this offer. On January 12, 2000, appellants filed a complaint seeking payment, interest and costs, and a court order that the property should be sold free from all claims, liens, interests, and rights of redemption of appellees. Appellees' answer asserted multiple affirmative defenses. Further, appellees counterclaimed on four counts, seeking conveyance of the land, dismissal of appellants' suit, damages and costs.
 {¶ 7} At the bench trial, the parties presented their testimony, as well as the testimony of appellants' attorney, officers from Bank One and Second National Bank, and appellees' attorney. Appellants' attorney testified he remembered, in reaching the five percent penalty figure, he attempted to calculate the possible damages any late payment of the balloon payment would cause. Appellants acknowledged appellees' attempts to make the final payment, but stated their refusal to accept was based on the attempted reservation of rights to litigate the penalty. The trial court found appellees fulfilled their obligations under the contract. Further, the trial court found appellants were unwilling to accept offers of tender made by appellees and had refused to perform their obligations under the contract. The trial court also found the five percent penalty on the balloon was unenforceable and illegal. The trial court determined appellees were not in default, relying on the statements and actions of appellants. In other words, the trial court found for appellees, but concluded appellees had not proven damages.
 {¶ 8} Accordingly, the trial court ordered appellants to convey the deed free and clear to appellees. Appellees were ordered to pay the amount due with interest at 10.75 percent per annum through April 2, 1999. It is from this order appellants appeal, assigning the following errors for our review:
 {¶ 9} "I. The trial court erred in finding the application of a five percent late payment fee was illegal and unenforceable.
 {¶ 10} "II. The trial court erred in finding defendants made a proper tender of payment to the plaintiffs.
 {¶ 11} "III. "Where the undisputed evidence showed that defendants had both the complete control of the subject real estate including the right to receive all rents, and exclusive control and possession of the funds which were purportedly tendered for the purchase price, the trial court erred in limiting the interest payable to the plaintiffs to the amount owed as of April 2, 1999.
 {¶ 12} "IV. The decision of the trial court was not sustained by the evidence and against the manifest weight of the evidence.
 {¶ 13} "V. The trial court erred in failing to order foreclosure of the land contract.
 {¶ 14} "VI. The trial court erred in failing to grant plaintiffs a new trial."
 I. {¶ 15} In appellants' first assignment of error, they maintain the trial court erred in finding the application of a five percent late payment fee to be illegal and unenforceable. We disagree.
 {¶ 16} Ohio law recognizes liquidated damages provisions are not per se unenforceable. See Lake Ridge Academy v. Carney (1993),66 Ohio St.3d 376, 381. However, when the stipulated damages have the sole purpose of enacting a penalty, public policy will prevent enforcement. Id.
 {¶ 17} To determine whether a sum to be paid is a penalty, or simply a liquidated damage clause, the court will look to the contract as well as the situation leading to the agreement. Miller v. Blockberger
(1924), 111 Ohio St. 798, 807-808. In light of those circumstances, the court will determine whether the possible damages in the event of default could be easily and approximately computed at the time of contracting, and were thus, the source of the quoted number. Id.
 {¶ 18} If those figures were, in fact, ascertained as previously described, the court will compare them to the amount stipulated in the clause in question. Id. If the stipulated figures grossly outweigh the actual damages to such an extent they could not have been intended for a the legitimate purpose, or if the stipulated amount was arrived at for some purpose other than compensation, it will be viewed as a penalty; therefore, unenforceable. Id.
 {¶ 19} In the instant case, the liquidated damages provision calls for a five percent penalty on a late payment. We find there is an ambiguity in the contract because the penalty provision is contained in the text of a paragraph discussing installment payments, not the balloon payment. Appellees testified this provision led them to believe the penalty would only be applied to late installment payments. Appellees invoke the doctrine of contra proferentum to resolve the alleged ambiguity against the drafting party.
 {¶ 20} Using the Miller analysis, it is irrelevant whether or not the penalty was intended to apply to the balloon payment as well as to the installment payments. Even if it was intended to apply to the balloon payment, it would be unenforceable. Appellants never testified to or presented any evidence of a method of calculation used to arrive at the five percent penalty. Nor could their attorney recall any attempts at calculating the damages to arrive at the figure. There was no basis for concluding the $13,209 was anything more than a penalty.
 {¶ 21} Appellants' first assignment of error is overruled.
 II. {¶ 22} In appellants' second assignment of error, they maintain the trial court erred in finding appellees made a proper tender payment to appellants.
 {¶ 23} Appellants rely upon Braun v. Pikus (1995),108 Ohio App.3d 29, to support their argument, in order to be effective, tender must be unconditional. Because appellees offered payment with the stipulation of a reservation of their right to later litigate the legality of the five percent penalty, appellants contend the tender was never actually made, and appellees defaulted. We disagree.
 {¶ 24} By requiring a tender to be unconditional, courts have held a debtor cannot impose a condition not required by law and the accepting party is not bound by the law or contract accept such a condition. 73 Ohio Jurisprudence 3d (1999), Payment and Tender, Section 5. The right to litigate is imposed by the law. By reserving that right, appellees were not imposing any additional condition upon appellants, but were merely reasserting a legal right which they had held all along.
 {¶ 25} Appellants' second assignment of error is overruled.
 III. {¶ 26} In their third assignment of error, appellants contend the trial court erred in limiting the interest payable by appellees to the amount owed as of April 2, 1999. Specifically, appellants contend where the undisputed evidence demonstrated appellees not only had complete control of the submit real estate, including the right to receive all rents, but also exclusive control of possession of the funds, it was error to limit the interest.
 {¶ 27} In applying specific performance to remedy a contract to convey real property, the trial court will enforce "the equities of the parties in such manner as to put them as nearly as possible in the position they would have occupied had the conveyance been made whenrequired by the contract. * * * It will compensate the vendor for any loss of the use of the purchase money during the delay by awarding him the appropriate interest for the proper period (Emphasis added)."Sandusky Properties v. Aveni (1984), 15 Ohio St.3d 273, 275. In the matter sub judice, if the conveyance had been made when required, the title would have passed on April 2, 1999, at the closing on the Bank One loan. Accordingly, the trial court found inappropriate to apply interest through the failed closing date.
 {¶ 28} Appellants asserts "he who seeks equity must do equity." However, this assertion supports the holding of trial court. Appellants cannot seek interest for the time period after which they refused to accept payment.
 {¶ 29} Appellants' third assignment of error is overruled.
 IV. {¶ 30} Appellants' next claim the trial court's decision was against the manifest weight of the evidence. Specifically, appellants contend there was no basis in the record for the trial court's finding appellees immediately notified appellants of the April 2, 1999 closing with Bank One. Second, appellants submit the record does not support the trial court's determination appellees made all of their payments on time and were not in default on the land installment contract. Finally, appellants assert there was no basis in the record for the trial court to conclude appellants had waived timely performance as a condition of the contract.
 {¶ 31} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 32} With regard to appellant's first sub-assignment of error concerning their awareness of the April 2, 1999 closing date, appellants' own testimony unequivocally established appellants were aware of the tendered payment. However, appellants refused to close because appellees chose to reserve their right to later challenge the propriety of the penalty. Tr. 148-149.
 {¶ 33} "Q: Isn't it true that as of April 2, 1999, you knew that the Bassingers had paid to the title agent to close this matter all the principle, all the interest and the penalty and reserved their right to challenge the penalty at a later date, but they were paying it at that date? You did know that. That's a string you referring to; is that right?
 {¶ 34} "A. Yes.
 {¶ 35} "Q: Your answer to that is yes?
 {¶ 36} "A: Yes." Id.
 {¶ 37} With regard to appellants' sub-assignment of error, appellants take the words of the trial court out of context, quoting a portion of the judgment entry that read? "the unreffuted testimony also clearly showed the Defendants made all of their payments on time."
 {¶ 38} While there is a dispute whether appellants waived the condition of timeliness as to the balloon payment, we address that question in the next sub-assignment of error. The sentence preceding the above reads "from a careful reading of the Contract, one would conclude that the terminology, `a 5% penalty shall be due for any payment more than 101 days delinquent', would apply to the monthly installment payment (sic)." Judgment Entry at 4. The statement at the heart of appellants' argument refers to the monthly installments, which were all accepted as being on time.
 {¶ 39} In regards to appellants' final sub-assignment of error, it should be noted a party may relinquish a right by either express words or by conduct which seems to dispense with performance at the designated time. North Olmstead v. Jennings (1993), 91 Ohio App.3d 173, citing List Son Co. v. Chase (1909), 80 Ohio St. 42. By accepting the January, February and March checks from appellees, appellants, by their actions, waived the right to timely performance as a condition of the contract.
 {¶ 40} On March 23, 1999, appellants sent a letter to appellees demanding full payment within ten days. Such a letter served to waive their earlier deadline.
 {¶ 41} Appellants' fourth assignment of error is overruled.
 V. {¶ 42} In their fifth assignment of error, appellants maintain the trial court erred in failing to order foreclosure of the land contract. We disagree.
 {¶ 43} For the reasons discussed in assignment of error number four, appellants waived the original date after which appellees could be declared in default. The new timeline was set 10 days after receipt of March 23, 1999 letter. Because appellees attempted to make payment within that time, i.e., the attempted closing on April 2, 1999, foreclosure was not warranted.
 {¶ 44} Appellants' fifth assignment of error is overruled.
 VI. {¶ 45} In their sixth assignment of error, appellants assert the trial court erred in failing to grant them a new trial.
 {¶ 46} In Rohde, supra, the Ohio Supreme Court set forth the standard of review with regard to a trial court's judgment granting a new trial. Paragraphs one and two of the syllabus in Rohde state:
 {¶ 47} "1. Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.
 {¶ 48} "2. Where a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law."
 {¶ 49} New trials are governed by Civ.R. 59. The rule provides 9 grounds upon which a party may request a new trial. Appellants do not specify the ground or grounds upon which they claim a new trial is warranted. Rather, appellants state the denial of their motion for a new trial was an abuse of discretion because it permitted unjust enrichment of appellees and denied appellants equity.
 {¶ 50} For the reasons set forth in our discussion of appellants' first five assignments of error, we find appellants' arguments herein unpersuasive. We find the trial court did not abuse its discretion in denying appellants' motion for a new trial.
 {¶ 51} Appellants' sixth assignment of error is overruled.
 {¶ 52} The judgment of the Mahoning County Court of Common Pleas is affirmed.
Judgment affirmed.
Farmer and Reader, JJ., concur.