VIOCK ET AL., APPELLANTS, *v.* STOWE-WOODWARD COMPANY, APPELLEE.

(No. E-88-30—Decided April 28, 1989.)

*W. Patrick Murray,* for appellants.

*Tybo Alan Wilhelms,* for appellee.

HANDWORK P.J. This is a consolidation of three appeals from the Erie County Court of Common Pleas, originally numbered E-88-3, E-88-10, and E-88-30. Carl W. Viock and his wife brought suit against his employer, Stowe-Woodward Company ("Stowe-Woodward") for an intentional tort. The trial court awarded the Viocks $3,500,000 in damages plus "ten percent interest from the date of the filing of this entry." Both parties appealed and this award was modified to

$3,650,000 by the court of appeals. The three appeals presently before us address only issues on calculation of interest on the $3,650,000 award.

In appeal No. E-88-3, appellant, Stowe-Woodward, brings one assignment of error:

"The Erie County Court of Common Pleas (hereinafter the trial court) erred to the substantial prejudice of Stowe-Woodward Company (hereinafter Stowe-Woodward) in that it computed and ordered Stowe-Woodward to pay post-judgment interest for a period of approximately 652 days *before* this court's March 14, 1986 judgment was rendered in plaintiffs' favor." (Emphasis *sic*.)

The original jury verdict in this case awarded Carl Viock $750,000, his wife $450,000, and his children $100,000 in compensatory damages. There was a further award of $2,500,000 in punitive damages. The trial court reduced each of the compensatory damage awards by twenty percent because the jury found Carl Viock twenty percent negligent. The trial court then entered judgment in June 1984 in the amount of $600,000 for Carl Viock, $320,000 for his wife, and $80,000 for his children in compensatory damages, and $2,500,000 for punitive damages, a total of $3,500,000. The Viocks appealed the twenty-percent reduction and Stowe-Woodward appealed from the entire judgment. In March 1986, the Viocks' appeal was found well-taken and the original jury verdict amounts for compensatory damages were reinstated. Stowe-Woodward's appeal was found well-taken, in part, and the $100,000 judgment for the Viock children was reversed. Thus, total judgment after the first appeal was in the amount of $3,650,000.

Following Stowe-Woodward's unsuccessful attempt to appeal to the Supreme Court of Ohio, the trial court, in January 1988, computed interest on $3,650,000 at ten percent simple interest from June 26, 1984 to January 4, 1988, and entered judgment for the Viocks in the amount of $4,938,000. Stowe-Woodward now appeals from this judgment, alleging that the interest should have been calculated from March 14, 1986, the date the court of appeals modified the trial court's judgment entry, not from June 26, 1984, the date of the trial court's judgment entry. Stowe-Woodward sets forth two propositions of law in support of this assignment of error, the first of which is as follows:

"When plaintiff is the first to file a notice of appeal, because dissatisfied with the amount of the trial court's judgment, post-judgment interest does not begin to accrue under O.R.C. § 1343.03(B) until the conclusion of that appeal."

Stowe-Woodward first cites *Wisman* v. *Cleveland Ry. Co.* (1945), 32 O.O. 525, 67 N.E. 2d 5 (affirmed by court of appeals, April 20, 1946). In that case, both the judgment debtor and the judgment creditor appealed from the trial court's judgment, but the judgment debtor was the first to appeal. The court of appeals held that the calculation of interest was to begin on the date of the trial court's judgment entry because the judgment debtor was the first to appeal, but added: "We do not attempt to pass upon the question of the tolling of interest where the judgment creditor appeals first." *Id.* at 529, 67 N.E. 2d at 10. In the instant case, the judgment creditors appealed first; therefore, the *Wisman* case is not helpful to resolution of the issue before us.

Stowe-Woodward also relies on *Fowler* v. *Wilford* (May 8, 1987), Erie App. No. E-86-50, unreported. In that case, this court held that where the judgment creditor alone appeals from a verdict in his favor, the running of in-

terest is tolled until the appeal is resolved. In the case presently before us, both the judgment creditor and the judgment debtor appealed and a different question is therefore presented. We find that the holding in *Fowler* v. *Wilford, supra,* is not controlling in this case.

In *Finlay* v. *Parent* (1973), 4 O.O. 3d 191, the third case relied upon by Stowe-Woodward, the court held that the running of interest was tolled during the pendency of an appeal where both the judgment creditors and the judgment debtor appealed. The court's reasoning was not based on which party appealed first but was instead based on the fact that all damages were unliquidated until a master commissioner could be appointed to calculate the exact amount due each judgment creditor. The judgment creditors' appeal delayed appointment of the master commissioner and effectively made it impossible for the judgment debtor to tender payment. We, therefore, find that case not dispositive of the issue before us.

The case of *Warren/Sherer Div.* v. *Store Equipment Co.* (Sept. 27, 1984), Franklin App. No. 84AP-41, unreported, is quite similar to the case presently before us. In that case, the judgment was appealed by both the judgment creditor and the judgment debtor with the judgment creditor filing its notice of appeal first. After resolution of the appeals, the trial court refused to award interest to the judgment creditor during the pendency of the appeal. The court of appeals reversed the trial court's decision. It rejected the view that a judgment creditor who first files a notice of appeal is estopped from collecting interest during the pendency of that appeal. The court reasoned that "* * * a [judgment] debtor may stop the running of interest by a [*sic*] tendering unconditional payment in full of the judgment

rendered against him. In that event, if the judgment is appealed and affirmed, no interest would accrue during the time of appeal." *Id.* at 4. We agree with this view and find that the Viocks' appeal of a judgment in their favor, even though filed first, did not stop the running of interest during the pendency of the appeal since they exhibited no conduct waiving the interest, there was no evidence that their appeal was filed in bad faith or for purposes of delay, and Stowe-Woodward did not tender payment of the judgment.

Stowe-Woodward advances a second proposition of law in support of its assignment of error as follows:

"When an appellate court changes the elements and amount of a judgment for the first time on appeal, postjudgment interest does not begin to run until that judgment is rendered because the amount of the new judgment is not 'certain' or 'liquidated' until that date."

In support of this proposition of law, Stowe-Woodward cites *Finlay* v. *Parent, supra.* In that case, the trial court awarded judgment to certain members of the Dayton Police Department, but did not state the amount of the judgment. Instead, the court ordered that a master commissioner be appointed to ascertain the exact amount due each police officer. The court of appeals held that the trial court's judgment remained unliquidated until after the master commissioner made his determination and therefore interest could not begin to run until the amount due each police officer was certain. We find that case to be of no value in deciding the issue in the instant case since in *Finlay* v. *Parent, supra,* the trial court did not reduce the amount of damages to a certain figure, and no damage amount was ever determined until after the case had been appealed and a master commissioner was finally appointed.

This court has found two unreported cases from Ohio which have dealt with the precise issue before us, namely, when a liquidated damage award is modified on appeal, does the calculation of interest begin on the date of the trial court's judgment entry or the appellate court's modification? In each of these cases, the court found that the interest begins on the date of the trial court's judgment entry.

In *Armstrong* v. *Modern Sales & Constr. Co.* (June 3, 1986), Adams App. No. 432, unreported, the trial court awarded $28,834.86 to the plaintiff on September 6, 1979. Both parties appealed and the court of appeals reversed the trial court in part and remanded the case. On remand, the trial court awarded, on February 1, 1983, an additional amount of $20,367.34 to the plaintiff for a total award of $49,202.20. The trial court then awarded statutory interest on the entire judgment from February 1, 1983, the date of its judgment entry on remand. The plaintiff appealed and the court of appeals held that interest on the entire judgment should be paid from September 6, 1979. The court stated:

"In *Swartzbaugh Manufacturing Co.* v. *United States* (1961), 289 F. 2d [sic 81] the Sixth Circuit Court of Appeals stated that the fact that a judgment or decree is reduced on appeal does not prevent the exaction of interest upon the reduced amount from the date of the original judgment or decree. We concur with the findings of the *Swartzbaugh* court and find its holding to be applicable here." *Id.* at 5-6.

In *Dowdy* v. *Lee* (May 17, 1984), Stark App. No. CA-6249, unreported, the jury awarded plaintiffs $300,000 on their medical malpractice claim on June 15, 1983. The trial court granted defendant's motion for a new trial and plaintiffs appealed. On appeal, the court reversed the trial court's grant of a new trial and reinstated a modified version of the jury award in the amount of $230,000. The court relied on a dissenting opinion in *Powers* v. *New York Central RR. Co.* (C.A. 2, 1958), 251 F. 2d 813, and stated:

"* * * In his dissent, Judge Lumbard notes that delay in the proceeding and payment of money was caused by the erroneous decision of the trial court. Further, 'since we are reinstating the jury verdict in this case as of the date that verdict was returned, it cannot be disputed that the amount due the plaintiff was liquidated.' * * *

"The judgment granting [a] new trial was issued pursuant to Civil Rule 59 and prior to any judgment confirming the verdict of the jury. By our prior ruling and judgment, we conclude that the trial court was wrong in vacating the jury verdict and ordering a new trial. The plaintiff-appellant should be placed in the same position he would have been in had the trial court done what we determined it should have done, entered judgment upon the verdict (with the modification lowering the one judgment to the statutory malpractice limit). Thus, the plaintiffs should have had the benefit of the use of the monies represented by the jury verdict from the date thereof." *Dowdy* v. *Lee, supra*, at 4-5.

We agree with the reasoning in both of these unreported cases and find that the trial court did not err in computing interest on the modified judgment of $3,650,000 from the date of the trial court's judgment entry, June 26, 1984. We find appellant Stowe-Woodward's assignment of error in appeal No. E-88-3 not well-taken.

In appeal No. E-88-30, appellants, Carl Viock and his wife ("the Viocks"), bring one assignment of error:

"The plaintiffs are entitled to interest on interest under Ohio law."

R.C. 1343.03 governs awards of post-judgment interest and states:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money * * * the creditor is entitled to interest at the rate of ten per cent per annum, and no more * * *."

The general rule concerning calculation of post-judgment interest is "that when no specific provision for interest is noted, then simple interest is to be awarded." *State, ex rel. Elyria,* v. *Trubey* (1984), 20 Ohio App. 3d 8, 9, 20 OBR 8, 10, 484 N.E. 2d 169, 170. The Viocks contend that the term "simple interest," under Ohio case law, means interest on interest or what is commonly called compound interest.

In support of this argument, the Viocks cite several Ohio cases. They first direct this court's attention to *Anketel* v. *Converse* (1866), 17 Ohio St. 11, and *State, ex rel. Brume,* v. *Brooklyn* (1943), 141 Ohio St. 593, 26 O.O. 168, 49 N.E. 2d 684. Both of these cases held that compound interest was to be used in deciding the amount of the judgment, not the amount of post-judgment interest, and are therefore not controlling in this case on this issue.

The Viocks also cite *Thirty-Four Corp.* v. *Hussey* (May 7, 1985), Franklin App. No. 84AP-337, unreported. This case stands for the proposition that a judgment creditor may be awarded post-judgment simple interest on unpaid prejudgment interest, and is therefore inapplicable to the instant case.

Finally, the Viocks cite a 1977 mandate from this court, *Jackson* v. *Sandusky Properties* (Sept. 23, 1977), Erie App. No. E-77-20, unreported, which dealt with computation of in-terest under R.C. 163.17, interest payable on a verdict in appropriation of property cases. We are not persuaded that this mandate allowed for compound interest, but find that even if it did, it does not apply to interest on judgments pursuant to R.C. 1343.03.

The Viocks make a final argument in support of their contention that they are due "interest on interest" on this judgment. They assert that the inclusion of the term "per annum" in R.C. 1343.03 means that interest should be computed on an annual basis. We agree with this statement but disagree that interest *computed* annually must be *compounded* annually. Simple interest can be computed annually, semi-annually, biannually, or even daily, if the terms so dictate. To do so, one computes the interest on the *original principal* at the stated interval. We find that the trial court was correct in awarding the Viocks simple interest on their judgment and that calculation of simple interest never involves adding unpaid interest onto the principal before computing the interest for the next term. We therefore find appellants' assignment of error in appeal No. E-88-30 not well-taken.

In appeal No. E-88-10, appellant, Stowe-Woodward, appeals from the February 1, 1988 order of the trial court. Appellant's assignment of error reads as follows:

"The Erie County Court of Common Pleas (hereinafter the trial court) erred to the substantial prejudice of Stowe-Woodward Company (hereinafter Stowe-Woodward), when in its order of February 1, 1988, it awarded 'compounded' post-judgment interest in violation of Ohio Revised Code § 1343.03."

On January 14, 1988, the trial court calculated interest on the modified judgment entry of $3,650,000 at ten percent simple interest from June 26, 1984 to January 4, 1988, and

arrived at a total figure of $4,938,000 due as of January 4, 1988. Stowe-Woodward then made the following payments:

| | |
|---|---|
| January 14, 1988 | $3,650,000.00 |
| January 15, 1988 | $ 246,000.00 |
| January 29, 1988 | $ 927,151,92 |
| TOTAL | $4,823,151.92 |

On January 29, 1988, the Viocks moved the court for an order that Stowe-Woodward immediately pay the judgment ordered by the court and add additional accrued interest. On February 1, 1988, the trial court ordered that Stowe-Woodward pay $129,306.73, which it stated represented the unpaid principal and interest due the Viocks. On February 1, 1988, Stowe-Woodward paid that amount to the Viocks.

The issue in this assignment of error is whether the interest was correctly calculated. Stowe-Woodward contends that the trial court on February 1, 1988, computed interest on unpaid interest for the time between January 14, 1988, when it paid $3,650,000 to the Viocks, and February 1, 1988, when it made its final payment on the court-ordered judgment and interest. We disagree. The balance due after the $3,650,000 payment represents unpaid principal, not unpaid interest. See *Anketel* v. *Converse, supra,* at 22, where the court stated:

"A question is made upon the record, as to the legal method of computing interest, where it is payable annually, and where partial payments are made. In such cases the interest on the principal bears *simple* interest from the time it falls due until it is paid; and when payments are made, they apply, first, in payment of the interest due on interest; secondly, in payment of interest due on the principal; and thirdly, in payment of the principal. * * *" (Emphasis *sic.*)

We, therefore, find appellant Stowe-Woodward's assignment of error in appeal No. E-88-10 not well-taken.

Finally, we have before us appellant Stowe-Woodward's motion to discharge bond. On November 26, 1986, Stowe-Woodward posted a $500,000 bond to secure a stay of execution of judgment during appeal. Having found that the appeal has been concluded, and that Stowe-Woodward has paid all amounts due the Viocks in this case, we find appellant Stowe-Woodward's motion well-taken and the $500,000 bond posted on November 26, 1986 is hereby discharged.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that the parties each pay one half of the costs of this appeal.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.