OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, wherein the trial court denied the motion for a new trial filed by defendant-appellant, David Dattillo, and granted the motion for prejudgment interest filed by plaintiff-appellee, Debra Howard, Administratrix of the Estate of Vencinn I. Howard, deceased.
On October 17, 1990, a car struck and killed eleven-year-old Vencinn I. Howard (decedent). The evidence offered at trial established that, on the evening in question, the decedent attended a football game at Fitch High School stadium in Austintown, Mahoning County, Ohio. Shortly after 8:00 p.m., the decedent began walking toward the Westchester apartment complex, located off Idaho Road, where he lived.
On his way home, the decedent met and talked with a friend outside of Watson Elementary School. While the two were talking, a number of older teenagers came on the scene and began taunting the two children with racial and sexual slurs. At some point, the group of teenagers began chasing the decedent. The decedent ran out into the middle of Idaho Road where he was struck by a car. The decedent died approximately one hour later due to massive internal injuries.
Appellee, acting as administratrix of the decedent's estate, subsequently filed a wrongful death and survivorship action against Laura Seidler (Seidler), who was the driver of the vehicle which struck the decedent, and the seven teenagers including: appellant, James L. Hall (Hall), Richard Sheppard (Sheppard), Wayne King (King), Heather Reese (Reese), April Demler (Demler), and Michael A. Morgan (Morgan). Before trial, appellee entered into a $101,000.00 settlement agreement with Morgan and a $9,000.00 settlement agreement with Demler. Appellee later elected not to proceed with the action against King and Reese, thereby leaving only appellant, Seidler, Hall and Sheppard as defendants to this action.
A jury trial began on January 25, 1994. The jury ultimately returned a defense verdict in favor of Seidler, but found appellant, Sheppard and Hall liable, and awarded appellee $200,000.00. Appellant, Sheppard and Hall then moved for a post verdict set-off pursuant to R.C. 2307.32 (F) in the amount of $110,000.00, which constituted the amounts of the previous settlements with Morgan and Demler. The trial court granted this motion for set-off and reduced the verdict to $90,000.00.
Appellee appealed this judgment and sought either a new trial as to damages against appellant, Hall and Sheppard or reinstatement of the jury verdict against them without the set-off. Appellee also sought a new trial as to liability against Seidler based on the exclusion of evidence and the jury instructions. Additionally, appellee asked for sanctions against appellant. Appellant, Sheppard, and Hall cross-appealed for a new trial. On May 5, 1994, Sheppard settled with appellee for the sum of $30,000.00, thereby leaving only appellant, Hall and Seidler as defendants to this action. On December 4, 1996, this court reversed the trial court's order and remanded the case for retrial. Howard v. Seidler (December 4, 1996), Mahoning App. No. 94 C.A. 70, unreported. This court overruled appellee's motion for sanctions until completion of the appeal.
On May 28, 1997, upon receiving this court's mandate, appellee moved the trial court for prejudgment interest. Due to uncertainty as to whether appellant and Hall were granted a new trial by this court's December 4, 1996 decision, appellee moved this court to clarify its mandate. This court explained that its December 4, 1996 opinion and judgment held that the trial court had erroneously deducted $110,000.00 from the jury verdict, and that this court had reinstated the $200,000.00 jury verdict against appellant and Hall. Further, this court clarified that it reversed the judgment in favor of Seidler and ordered a new trial against Seidler as to both liability and damages. Appellant and Hall appealed this decision to the Ohio Supreme Court and entered a motion to vacate with the trial court. The Ohio Supreme Court denied hearing the appeal and the trial court overruled the motion to vacate.
Appellant and Hall then filed a motion for new trial with the trial court on September 18, 1997. On October 10, 1997, and again on October 21, 1997, the trial court received evidence concerning appellee's motion for prejudgment interest. On February 5, 1998, the trial court reinstated the original $200,000.00 jury award against appellant and Hall and granted appellee's motion for prejudgment interest pursuant to R.C. 1343.03 (C). The trial court also ordered a new jury trial as against Seidler, thus overruling appellant's and Hall's motion for a new trial by implication. This appeal followed.
Appellant sets forth four assignments of error on appeal.
Appellant's first assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT DATTILLO'S MOTION FOR A NEW TRIAL AND IN ENTERING JUDGMENT AGAINST HIM IN THE AMOUNT OF $200,000."
A reviewing court will only reverse a trial court's ruling on a motion for a new trial if there is a clear showing that the trial court abused its discretion. State v. Grant (1993), 67 Ohio St.3d 465,480. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v. Merrill-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
Appellant contends that the trial court abused its discretion when it did not grant him a new trial, which he claims it was required to do pursuant to this court's mandate. Appellant contends that App.R. 12 (B) provides that an appellate court may either enter final judgment when no error is found, reverse and enter final judgment for the appellant, or remand to the trial court with instructions to enter final judgment for the appellant. Appellant argues that once this court found merit in the assignment of error addressing the exclusion of evidence and the jury instructions regarding appellee's claim against Seidler, a new trial was required under App.R. 12. Hickman v. Ohio StateLife Insurance Company (1915), 92 Ohio St. 87. Appellant reasons that when this court granted appellee's appeal for a new trial with regards to Seidler, the new trial also applied to him.
Appellant also argues that once this court remanded the case to the trial court, it lost all subject matter jurisdiction over the case. New York Central Railroad Company v. Francis (1924),109 Ohio St. 481. Appellant alleges that this court was without jurisdiction to issue a judgment entry clarifying its earlier opinion. Therefore, appellant claims that he was entitled to a new trial based solely upon this court's original opinion, and the trial court abused its discretion when it did not grant him a new trial.
"* * * App.R. 12 (D), in conjunction with Civ.R. 42 (B), authorizes a Court of Appeals to order the retrial of only those issues, claims or defenses the original trial of which resulted in prejudicial error, and to allow issues tried free from error to stand." Mast v. Doctor's Hosp. North (1976), 46 Ohio St.2d 539,541. Appellant's use of Hickman, supra is misplaced because additional conclusions for the jury were not needed as to appellant's liability. In the first appeal to this court, appellee's arguments regarding appellant centered around the trial court's erroneous set-off of settlements from the damages awarded. In rendering our opinion for the first appeal, this court expressly denied appellant's cross-appeal which sought a new trial on liability. This court unambiguously ordered a new trial concerning Seidler only and also found that the trial court had erroneously set-off settlement amounts from the jury award. This court clearly ordered the trial court to reinstate the full jury award, as found against appellant, without applying the set-off. Therefore, even assuming aguendo that this court could not clarify its judgment, appellant's argument for a new trial fails based upon this court's first opinion in this matter.
Furthermore, this court was not in error when it clarified its own opinion. This court learned of the confusion and disagreement over its first opinion when appellee filed a motion to clarify. In the interest of justice and in an attempt to avoid conflict and prevent unnecessary delay in disposing of this matter, this court clarified its earlier opinion. This court's clarifying judgment entry removed all conflict from its earlier decision and clearly stated that only Seidler, and not appellant, was entitled to a new trial. It did not modify this court's earlier opinion and merely restated this court's original holding in more precise terms for the benefit of the respective counsel. Therefore, the clarifying entry did not change appellant's rights and did not injure appellant, but clearly restated that this court did not previously hold that appellant was entitled to a new trial.
Given that the trial court's discretion in ordering a new trial was not removed by a mandate from this court, and since there were not any unresolved issues concerning appellant's liability, the trial court did not abuse its discretion in refusing to grant appellant a new trial.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
"THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST."
R.C. 1343.03 (C) states:
 "(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
"`[T]he purpose of R.C. 1343.03 (C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy * * * [and] to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases * * *.'" Moskovitz v. Mt. Siani Medical Center (1994), 69 Ohio St.3d 638,657-658. Further, the failure to make a good faith effort is not the equivalent of acting in bad faith. Kalain v. Smith
(1986), 25 Ohio St.3d 157. "A party's inactivity can constitute a failure to make good faith efforts without demonstrating bad faith." Black v. Bell (1984), 20 Ohio App.3d 84, 88.
A trial court must find that a party failed to make a good faith effort to settle before it may award prejudgment interest.Kalain, supra. The Ohio Supreme Court in Kalain, supra,
established guidelines for a trial court to utilize in determining whether a party has failed to make a good faith effort to settle pursuant to R.C. 1343.03 (C). Under Kalain,supra at 159, a trial court must determine whether a party has, "* * * (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party." A reviewing court will not reverse a trial court's award of prejudgment interest absent an abuse of discretion. Kalain, supra.
Appellant claims he presented competent, credible evidence at the hearing on prejudgment interest demonstrating that he cooperated in discovery and did not delay the proceedings. However, appellant states that the trial court, despite this evidence, granted appellee's motion for prejudgment interest. Appellant claims that the trial court must have based its decision to award prejudgment interest on the belief that he had not rationally evaluated his risks and potential liability, and did not make a good faith effort to settle this case. Appellant argues that he did make a good faith effort to settle this matter. Appellant further argues that prejudgment interest should be precluded because appellee failed to exercise good faith in settling the matter. Moskovitz, supra. Thus, appellant contends that since he was not under an absolute duty to make a monetary offer, the trial court abused its discretion in imposing the prejudgment interest award.
The evidence presented to the trial court demonstrated that appellant failed to make a good faith effort to settle this case. First, there was testimony presented to the trial court which indicated that appellant determined that his potential liability in the case would only have a nuisance value. This was based on his belief that he did not chase the decedent into the street. This zero value was held by appellant notwithstanding the fact that there was an eyewitness who indicated in an affidavit that the group of teenagers, including appellant, chased the decedent into the street.
Second, there was a letter from appellee to appellant in which appellee indicated a willingness to settle the matter with appellant for $101,000.00, which was appellant's insurance policy limit. Appellant never responded to this initial demand.
Third, at the conclusion of the trial, after the jury awarded appellee $200,000.00, appellee sent a letter to appellant indicating a willingness to settle the matter for $120,000.00 in lieu of appellant appealing the matter. Appellant responded to this settlement offer with an offer of $95,000.00. Appellee then mailed a letter to appellant lowering the settlement demand to $105,000.00. Appellant responded to this demand with a counter offer of $90,000.00, which was $5,000.00 lower than his initial counter offer.
Finally, although appellant argues that appellee did not make a good faith effort to settle this matter, the evidence presented illustrated that appellee made an initial offer of $101,000.00, which appellant ignored. Without the benefit of a counter-offer, any subsequent lower bids by appellee would have amounted to appellee unilaterally bidding against herself. Furthermore, although appellee erroneously filed a motion with the trial court asking for a reinstatement of the full $200,000.00 verdict even though appellee conceded that the $30,000.00 settlement with Sheppard should have been deducted, this did not establish a lack of good faith. Appellee's use of $200,000.00 instead of $170,000.00 was an innocent mistake which was shared by both appellee and appellant. Therefore, appellee acted in good faith in attempting to settle this case.
The trial court had adequate evidence upon which to base its finding that appellant did not make a good faith effort to settle this case. Kalain, supra. Therefore, the trial court did not abuse its discretion in granting appellee's motion for prejudgment interest. Kalain, supra.
Appellant's second assignment of error is found to be without merit.
Since appellant's third and fourth assignments of error on appeal have a common basis in law and fact, they will be discussed together and allege respectively as follows:
 "THE TRIAL COURT ERRED IN FAILING TO LIMIT DEFENDANT DATTILLO'S PREJUDGMENT INTEREST OBLIGATION TO 45% OF THE INTEREST.
 "THE TRIAL COURT ERRED IN FAILING TO LIMIT DEFENDANT DATTILLO'S PREJUDGMENT INTEREST OBLIGATION TO THE AMOUNT OF THE NET JUDGMENT EXISTING AT ANY POINT IN TIME."
First, appellant argues that the trial court improperly computed his prejudgment interest obligation. First, appellant claims that he is required to pay only forty-five percent of the prejudgment interest because the jury only found him forty-five percent liable. In support of his position, appellant cites to R.C. 2307.32, as amended by Am.Sub.H.B. No. 350. However, appellant's contention and reliance upon R.C. 2307.32, as amended by Am.Sub.H.B. No. 350, is moot as the Ohio Supreme Court has held that Am.Sub.H.B. No. 350 is unconstitutional. State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451. Therefore, appellant was not limited to pay only forty-five percent of the prejudgment interest.
Second, appellant claims that the trial court incorrectly determined the principal amount upon which to base the prejudgment interest. Appellant maintains that as the judgment amount has varied with the different court decisions over the years, the interest amount should reflect this variation. To begin, appellant suggests that from March 8, 1994 to January 22, 1997, the period that the trial court reduced the jury verdict, the interest should be based on $90,000.00. Appellant further contends that by the time the jury verdict was reinstated, appellee had settled with Sheppard for $30,000.00, thus reducing the verdict to $170,000.00. Appellant alleges that from January 22, 1997 to December 2, 1997, this $170,000.00 should have been used to compute the prejudgment interest. Finally, appellant concludes that the remaining interest from December 2, 1997 to the date of payment should be based on $70,000.00 in consideration of the fact that appellee entered into a $100,000.00 settlement with Hall.
R.C. 1343.03 requires that prejudgment interest be calculated from the time the cause of action accrued until the judgment is rendered and the money is paid. Nash v. Kaiser Foundation HealthPlan of Ohio (1991), 76 Ohio App.3d 233. In Musisca v. MassillonCommunity Hosp. (1994), 69 Ohio St.3d 673, 676, the Ohio Supreme Court stated, "[t]he statute requires that the interest award begin to run when the cause of action accrued because the accrual date is when the event giving rise to plaintiff's right to the wrongdoer's money occurred." Although the trial court erroneously applied a set-off and reduced the amount of the jury award to $90,000.00, this does not preclude appellee's ability to collect interest from the date upon which the cause of action accrued. InViock v. Stowe-Woodward Co. (1989), 59 Ohio App.3d 3, the court rejected an argument similar to appellant's; that postjudgment interest should have been based on an overruled reduced verdict. In so holding, the court in Viock, supra at 6, quoting Dowdy v. Lee (May 17, 1984), Stark App. No. CA-6249, unreported, stated:
 "`The plaintiff-appellant should be placed in the same position he would have been in had the trial court done what we determined it should have done, entered judgment upon the verdict * * *. Thus, the plaintiffs should have had the benefit of the use of the monies represented by the jury verdict from the date thereof.'"
In the present matter, the cause of action accrued on October 17, 1990, the date upon which the decedent was struck by the vehicle and killed. The trial court thus correctly determined that prejudgment interest began to run from the date the within cause of action accrued. Moreover, the trial court correctly established the prejudgment rate of interest at ten percent, which is the statutory rate. In its February 5, 1998, judgment entry the trial court correctly determined the base prinicpal prejudgment amount of $200,000.00, which this court found in our original opinion and now reaffirm. Any concessions regarding set-offs of settlement amounts with either Sheppard or Hall should be filed with the trial court for its determination of whether to set-off such settlement amounts from this base amount. Therefore, the trial court did not err in determining the date upon which the prejudgment interest began to run, the rate of prejudgment interest or the base principal amount.
Appellant's third and fourth assignments of error are found to be without merit.
Finally, pursuant to this court's January 26, 1998 journal entry, in which we stated that appellee's motion for sanctions would be considered upon completion of the appeal, appellee requests that this court now grant her motion for sanctions against appellant. This court has considered appellee's motion for sanctions pursuant to App.R. 23 and finds no merit in appellee's request.
The judgment of the trial court is affirmed.
Vukovich, J. and Waite, J., concurs.
APPROVED:
EDWARD A. COX, PRESIDING JUDGE