DECISION AND JUDGMENT ENTRY
This is an appeal from a Gallia County Common Pleas Court judgment regarding a post-judgment interest claim in the divorce litigation between Jean Curtis, plaintiff below and appellant herein, and Dean B. Rinehart, defendant below and appellee herein.
Appellant raises the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT RULED THAT INTEREST SHOULD BEGIN TO RUN ON THE JUDGMENT AT ISSUE IN THE CASE ONLY FROM SEPTEMBER 15, 1999."
The instant appeal represents the parties' fourth time before this court. The pertinent background facts follow, and additional facts may be found in our prior opinions.
On September 30, 1994, the trial court entered final judgment granting the parties a divorce. Following the trial court's judgment, this court twice reversed and remanded. See Rinehart v. Rinehart (May 18, 1998), Gallia App. No. 96CA10, unreported; Rinehart v. Rinehart (Dec. 13, 1995), Gallia App. Nos. 94CA26 and 95CA6, unreported.
After the second remand, appellant filed a motion seeking interest on the judgment rendered on September 30, 1994. Appellant asserted that the trial court should award interest on her share of the property distribution and that the accrual date should be September 30, 1994, the date that the trial court first rendered judgment regarding the property division. On July 13, 1998, the trial court denied appellant's request for interest. The court essentially determined that appellant was not entitled to interest from the date of the court's initial judgment because the judgment's reversal rendered the September 30, 1994 judgment void.[1] The court did note, however, that "interest shall begin to run" on the date it issued its next judgment.
On August 10, 1998, the trial court rendered its next judgment. In its judgment entry, the court awarded appellant $59,641.20, which represented her separate property claim, her share of the marital property, her share of the marital residence, and her share of the interest in the joint savings account. The August 10, 1998 entry did not specify whether appellant would receive interest.
Appellant appealed the August 10, 1998 judgment, and on September 15, 1999, this court affirmed the trial court's judgment. See Rinehart v.Rinehart (Sept. 15, 1999), Gallia App. No. 98CA9, unreported. We rejected appellant's claim that the trial court erred by denying her request for interest with an accrual date of September 30, 1994. We stated: "The property divisions at issue in Rinehart I and Rinehart II were reversed by this Court. Thus, there were no `judgments' upon which interest could accrue."
On April 21, 2000, appellant requested the trial court to, inter alia, award her interest on the August 10, 1998 judgment, using August 10, 1998 as the accrual date.
On November 15, 2000, the trial court awarded appellant $620.92 in interest. The trial court determined that appellant was entitled to interest as of the date that this court affirmed the trial court's August 10, 1998 judgment (September 15, 1999), rather than the date that the trial court entered its final judgment. The trial court set forth its reasoning as follows:
 "This case has been to the Court of Appeals at various times. After the last appeal, this Court allowed the parties to submit entries. This court signed and journalized its entry on August 10, 1998. This provided for a judgment to the Plaintiff in the sum of $65,763.52 less an off set of $6,122.32. The net amount being the sum of $59,641.20. This entry did not provide for interest. On August 12, 1998, the Plaintiff appealed this decision contending she was entitled to interest. On September 15, 1999, the Fourth District Court of Appeals upheld the Court in that entry denying the interest. Thus this Court finds that interest should begin to run on this judgment after the Court of Appeals made its ruling in 1999. This Court finds that the Defendant was unable to pay because the issue as to whether interest was due and the amount was in dispute."
Appellant filed a timely notice of appeal.
In her sole assignment of error, appellant argues that the trial court erred by concluding that she was not entitled to interest accrued between the trial court's August 10, 1998 judgment, and the date that this court affirmed the trial court's August 10, 1998 judgment (September 15, 1999). Appellant claims that pursuant to R.C. 1343.03, interest accrues on a judgment "due and payable," and that the statute requires a trial court to assess interest as of the date that the judgment became "due and payable." Appellant argues that the August 10, 1998 judgment was "due and payable."
Appellee asserts that the trial court did not abuse its discretion by refusing to assess interest as of August 10, 1998. Appellee contends that the decision to award interest in a case involving a marital property division rests within the trial court's sound discretion.
The primary dispute in the case at bar concerns the appropriate standard to apply when deciding a party's request for interest on a judgment. Appellant argues that the statute leaves the trial court no discretion, while appellee asserts that despite the apparent mandatory language of R.C. 1343.03, the trial court retains discretion in matters relating to a marital property division.
We generally agree with appellee's proposition that a trial court possesses broad discretion in overall matters relating to the division of marital property. See, e.g., Koegel v. Koegel (1982), 69 Ohio St.2d 355,432 N.E.2d 206, syllabus; Cherry v. Cherry (1981), 66 Ohio St.2d 348,421 N.E.2d 1293. In Koegel, for instance, the Ohio Supreme Court held that a trial court must be given wide latitude to "affix interest to those monetary obligations which arise out of a property division upon divorce." Id., 69 Ohio St.2d at 356, 432 N.E.2d at 208.
We note that Koegel involved a trial court's decision to award, as part of a marital property division, a note to become due and payable within five years of the judgment. The appellant had requested the trial court to affix interest to the note, but the trial court declined to do so. The Ohio Supreme Court affirmed the trial court's judgment, stating: "A property award without interest may sometimes be inequitable, but it is not always so. `This is why it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce.'" Id., 69 Ohio St.2d at 356, 432 N.E.2d at 208 (quoting Cherry,66 Ohio St.2d at 355, 421 N.E.2d at 1299).
R.C. 1343.03, Ohio's general pre- and post-judgment interest statute, appears to stand in contrast to Koegel. R.C. 1343.03(A) provides:
 (A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
In Koegel, the Ohio Supreme Court did not resolve whether R.C. 1343.03
would constrain a domestic relations court's discretion. Instead, the court simply noted that the statute applies "only to obligations that are due and payable." Id., 69 Ohio St.2d at 357, 432 N.E.2d at 208. Koegel
concluded that R.C. 1343.03 did not apply to the case because "the obligation * * * will not become due and payable until the occurrence of a future event." Id.
Since Koegel, various Ohio appellate courts have held that R.C. 1343.03
applies to judgments rendered in a domestic relations proceeding, if the judgment is reduced to an amount "due and payable," as opposed to an amount, like in Koegel, deferred for payment. See Dunbar v. Dunbar
(1994), 68 Ohio St.3d 369, 370, 627 N.E.2d 532; Rizzen v. Spaman (1995),106 Ohio App.3d 95, 111, 665 N.E.2d 283; Warner v. Warner (Feb. 27, 1998), Wood App. No. WD-97-095, unreported; Brannon v. Brannon (June 27, 1997), Trumbull App. No. 96-T-5572, unreported.
In Warner, the court noted that the Ohio Supreme Court had not explicitly addressed the applicability of R.C. 1343.03 to domestic relations proceedings, but nevertheless concluded that the statute indeed applied to judgments reduced to an amount presently "due and payable." The court explained:
 "* * * [T]he Ohio Supreme Court has not specifically addressed the applicability of R.C. 1343.03 to domestic relations proceedings. In the Dunbar case, however, the court implicitly decided that R.C. 1343[.03] applies to domestic relations proceedings through its holding that `arrearages in child support which have not been reduced to a lump-sum judgment are not subject to the interest provisions of R.C. 1343.03.'"
In Brannon, the court likewise considered the applicability of R.C.1343.03 to domestic relations proceedings. The court stated:
 "The Supreme Court of Ohio has not specifically addressed the applicability of R.C. 1343.03 (interest upon judgments) to domestic relations proceedings. Koegel, 69 Ohio St.2d at 358. However, in Blakemore, 5 Ohio St.3d at 220, fn. 2, the court implicitly concluded that R.C. 1343.03 applied in domestic relations proceedings by noting that the trial court's imposition of fifteen percent, as opposed to ten percent, interest was "clearly contrary to law," citing R.C. 1343.03. Moreover, in Woloch v. Foster
(1994), 98 Ohio App.3d 806, 812, 649 N.E.2d 918, the Second District Court of Appeals held that "an order distributing marital assets from one party to another has the force of a money judgment, and the recipient is entitled to interest on any amount due and owing under the order but unpaid."
 Accordingly, R.C. 1343.03, which allows the imposition of interest upon money judgments, is applicable to domestic relations proceedings in which the trial court orders a distribution of marital assets. Woloch, 98 Ohio App.3d at 812. * * * [T]he statute requires the interest to begin on the date the judgment is entered."
 Woloch also considered the applicability of R.C. 1343.03 to a judgment dividing marital property. The court stated: "An order distributing marital assets from one party to another has the force of a money judgment, and the recipient is entitled to interest on any amount due and owing under the order but unpaid." Id., 98 Ohio App.3d at 812,649 N.E.2d at 912. The court ultimately determined, however, that the trial court did not "abuse its discretion in awarding interest" on the judgment.Id.
In contrast to the foregoing language purporting to give a trial court discretion when applying R.C. 1343.03 to a marital property division, the Ohio Supreme Court has held that R.C. 1343.03 "provides no wiggle room * * *." Wrightman v. Conrail (1999), 86 Ohio St.3d 431, 445, 715 N.E.2d 546,557. The Wrightman court stated: "The statute applies to judgments * * * * and the interest clock r[uns] from the date of the judgment." Wrightmanv. Conrail (1999), 86 Ohio St.3d 431, 445, 715 N.E.2d 546, 557.
The statute, read in conjunction with Wrightman, would appear to require a trial court to order interest to run on a lump-sum judgment rendered in a divorce action dividing marital property. We are not convinced, however, that given the Ohio Supreme Court's extensive history of affording domestic relations courts as much discretion as possible,[2]
that Wrightman, which involved a tort action, intended to so constrain a domestic relations court's discretion when fashioning divisions of marital property.
We further note that the Second District Court of Appeals has explicitly addressed the tension between Koegel and the apparent mandatory language contained within R.C. 1343.03. See Woloch; Grant v.Donese (Aug. 6, 1999), Greene App. No. 98 CA 133, unreported. In Grant, the court stated that a trial court, despite the apparent mandatory language of R.C. 1343.03, retains discretion to award interest in a case involving a marital property division. The Grant court explained:
 "What we glean from [the] cases [addressing the relationship between R.C. 1343.03 and Koegel], particularly Woloch v. Foster which involved property division, is that even where R.C. 1343.03 is applicable, trial courts, in dividing marital assets, should be accorded discretion in determining whether money judgments should bear statutory interest."
See, also, Dubinsky v. Dubinsky (Feb 24, 2000), Cuyahoga App. No. 75403, unreported; Mattice v. Mattice (Dec. 18, 1998), Montgomery App. No. 17157, unreported; Brannon v. Brannon (June 27, 1997), Trumbull App. No. 96-1-5572, unreported (concluding that the trial court erred by affixing interest as of date other than date of final judgment); Keffer v. Keffer
(Oct. 28, 1991), Pickaway App. No. 90 CA 37, unreported. But, see, Clymerv. Clymer (Sept. 21, 2000), Franklin App. No. 99AP-924, unreported (finding that trial court erred by failing to award statutory interest);Farley v. Farley (Aug. 31, 2000), Franklin App. Nos. 99AP-1103 and 99AP-1282, unreported (concluding that R.C. 1343.03 must be applied strictly "to mandate interest on amounts due and payable under a decree of divorce, to the extent that the amounts are calculable, due and payable"); Cardone v. Cardone (Aug. 30, 2000), Summit App. No. 19867, unreported (implying that interest pursuant to R.C. 1343.03 for a judgment "due and payable" is mandatory).
In the case at bar, whether the trial court abused its discretion or erred as a matter of law regarding the interest calculation is a matter we need not resolve at the present time. Again we note that a division of authority exists in the Ohio appellate courts concerning the propriety of interest on amounts due and payable under property division awards in domestic relations cases. In the case sub judice, the trial court intended to affix interest and began the interest calculation on the date of its August 10, 1998 final judgment. The trial court apparently assumed, however, that it could not award interest during the pendency of the appeal. We disagree with the trial court in this regard. In Goddardv. Children's Hosp. Med. Ctr. (Nov. 3, 2000), Hamilton App. No. C-990408, unreported, the court explained:
 "It is * * * generally accepted by Ohio courts that * * * absent proof of waiver or bad faith on the part of the prevailing party estopping it from claiming interest, interest continues to accrue during the pendency of an appeal, regardless of which party has appealed. Justification for this rule is two-fold. First, where the judgment debtor may opt to toll the running of interest at any time by tendering unconditional payment in full. Second, regardless of which party appeals, if the judgment debtor retains the use of the money during the appeal, then presumably the debtor may invest the money so that its value compounds at a rate at least equivalent to the legal rate of interest. The determinative issue common to all cases, then, is which party has the use of the money during the pendency of an appeal."
See, also, Braun v. Pikus (1995), 108 Ohio App.3d 29, 32, 669 N.E.2d 880,882. Moreover, we note that the trial court appears to have deduced that our September 15, 1999 opinion flatly rejected any claim appellant may have had for post-judgment interest during the pendency of her appeal. In our September 15, 1999 decision, however, the issue regarding appellant's right to interest during the pendency of her appeal was not at issue. Rather, our review was limited to whether appellant was entitled to interest dating from September 30, 1994.
Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error and reverse and remand the trial court's judgment for further proceedings consistent with this opinion. On remand, the trial court may consider appellant's request for interest in light of the principles set forth in this opinion.
JUDGMENT ENTRY
It is ordered that the judgment be reversed and this cause remanded for further proceedings consistent with this opinion. Appellant and appellee shall equally share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ Peter B. Abele, Presiding Judge
Harsha, J.: Concurs in Judgment Only with Concurring Opinion.
Kline, J.: Concurs in Judgment Opinion
[1] See Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307,649 N.E.2d 1219. In Sharp, the supreme court recognized that when a judgment is reversed on appeal, that judgment carries no legal effect and it is as if the judgment did not exist. The court, referring to Viock v.Stowe-Woodward Co. (1989), 59 Ohio App.3d 3, 569 N.E.2d 1070, explained:
 "In Viock, [the] court reinstated the original jury verdict, which [the court] found had been erroneously reduced by the trial court. [The court] further held that the post-judgment interest accumulated from the date of the original jury verdict.
 However, we find that Viock has no application to the case at hand. In the present case, the jury's determination as to the parties' respective liability was reversed on appeal. No damage award then existed to be reinstated by an appellate court. There was not judgment establishing either party's liability until the jury returned its verdict at the conclusion of the second trial. Therefore, we find that the trial court did not err in refusing to award post-judgment interest from the date of the first jury verdict. * * * ."
Id., 72 Ohio St.3d at 313, 649 N.E.2d at 1224.
[2] See, e.g., Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,696 N.E.2d 575; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,541 N.E.2d 597; Berish v. Berish (1982), 69 Ohio St.2d 318,432 N.E.2d 183.