JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant William Blake appeals from the judgment of the trial court which granted a motion to deem judgment satisfied in favor of defendant-appellee Nationwide Insurance Company ("Nationwide").
 {¶ 2} The underlying action arose from an automobile accident between Blake and George Fligiel in April of 1995. Blake filed suit in June of 1995 against Fligiel to recover for injuries sustained as a result of the accident. During the pendency of the proceedings, Fligiel died and his estate was substituted as the defendant in the case. A jury returned a verdict in Blake's favor on September 11, 1997 and awarded him $5,000. The next day, Nationwide, the insurer for Fligiel, issued a check in the amount of $5,000 for payment on the verdict. Blake appealed the judgment, which this court affirmed in Blake v. Fligiel (Dec. 3, 1998), Cuyahoga App. No. 73329.
 {¶ 3} On November 3, 1999, Blake filed a supplemental complaint pursuant to R.C. 3929.06 adding Nationwide as a new party defendant and alleging that Nationwide failed to pay the correct amount the judgment rendered against its insured, Fligiel. He alleged that he was owed the $5,000 judgment, costs and post-judgment interest on the award. On February 6, 2001, the court denied Blake's request for post-judgment interest, but did award $250 for reimbursement of the filing and bond fees.
 {¶ 4} Thereafter, on April 6, 2001, Nationwide forwarded a check to Blake for $5,250 in an attempt to pay the judgment including costs, but Blake never negotiated the check.
 {¶ 5} Blake appealed the trial court's judgment of February 6, 2001. This court affirmed in part, but reversed in part, determining that Blake was entitled to recover a judgment that included costs and post-judgment interest and remanding to the trial court for a calculation of the amount due. Blake v. Fligiel (Nov. 8, 2001), Cuyahoga App. No. 79314. This court stated, "Because Nationwide did not pay the judgment in full, Blake is entitled to post-judgment interest from September 12, 1997 until Nationwide issued a check for $5,250.[1]" Id.
 {¶ 6} Thereafter, on December 12, 2001, Nationwide forwarded to Blake a new check for $7,081 for payment of the verdict, costs and post-judgment interest through April 6, 2001, the date on which Nationwide had issued a check for $5,250. Blake negotiated the check, but recorded the judgment in Cleveland Municipal Court and commenced garnishment proceedings, insisting that Nationwide owed additional post-judgment interest through December 12, 2001, as well as costs incurred in Cleveland Municipal Court.
 {¶ 7} On February 12, 2002, the defendant filed a motion to deem the judgment satisfied, by virtue of the payment of $7,081 they forwarded to Blake. On April 1, 2002, the trial court granted Nationwide's motion to deem judgment satisfied. On June 14, 2002, a Cleveland Municipal Court magistrate granted Nationwide's motion to dismiss garnishment.
 {¶ 8} In his third appeal to this court, Blake now appeals the judgment of the trial court granting Nationwide's motion to deem judgment satisfied, asserting one assignment of error for our review.
 {¶ 9} "I. The trial court erred in holding that there was an accord and satisfaction."
 {¶ 10} In his sole assignment of error, Blake asserts that the trial court erred in determining that Nationwide's payment of $7,081 was in full satisfaction of the debt owed to him. We disagree.
 {¶ 11} We note that the "law of case" doctrine functions to compel trial courts to follow the mandates of reviewing courts. Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3. This court had already determined that Blake was entitled to post-judgment interest from September 12, 1997 through the time that Nationwide had issued the $5,250 check, which was on April 6, 2001. Blake, supra. Blake contends that he was entitled to post-judgment interest through December 12, 2001. This contention is without merit. Nationwide had issued a check for $5,250 on April 6, 2001, but because Blake did not negotiate it, they re-issued a check for that amount plus costs and interest. Therefore, the payment made by Nationwide on December 12, 2001 was in compliance with the mandate of this court. Further, in support of this determination, we note that a judgment debtor may stop the accumulation of post-judgment interest by tendering full and unconditional payment of the judgment to the judgment creditor. Viock v. Stowe-Woodward Co. (1989), 59 Ohio App.3d 3, paragraph two of the syllabus. Thus, Nationwide's issuance of a check for $5,250 stopped the accumulation of interest on April 6, 2001.
 {¶ 12} Nationwide's payment of $7,081, representing a $5,000 jury award; $250 in costs as determined by the trial court; and $1,831 in post-judgment interest accruing from September 12, 1997 through April 6, 2001, satisfied, in full, any and all debts owed to Blake by Nationwide as a result of George Fligiel's tortious conduct in 1995. We therefore overrule Blake's assignment of error, and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] The court was referring to the check issued by Nationwide on April 6, 2001.